652 So.2d 1276 (1995)
Lorenzo EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-620.
District Court of Appeal of Florida, Fifth District.
April 13, 1995.
Lorenzo Edwards, Clermont, pro se.
No appearance for appellee.
PER CURIAM.
The defendant appeals the summary denial of his Rule 3.850 motion for post-conviction relief. The defendant has raised several grounds in his motion, two of which have merit. The defendant alleged that his trial counsel was ineffective in not investigating or calling certain witnesses who would have exonerated the defendant. The defendant also alleged his trial counsel was ineffective in failing to request a jury instruction on a lesser included offense. In the order denying relief the trial court gave no reasons to support the denial nor did the trial court attach any portions of the record to refute the defendant's claims.
When a trial court summarily denies a motion for post-conviction relief without holding an evidentiary hearing or attaching portions of the record to refute the allegations, *1277 review is limited to determining whether, accepting the allegations as true, the motion shows the defendant is not entitled to relief. Gorham v. State, 521 So.2d 1067 (Fla. 1988); Deen v. State, 627 So.2d 625 (Fla. 5th DCA 1993); Waters v. State, 612 So.2d 685 (Fla. 5th DCA 1993); Debose v. State, 580 So.2d 638 (Fla. 5th DCA 1991).
The order summarily denying the defendant's Rule 3.850 motion is reversed as to the two claims discussed above and remanded to the trial court with directions to either attach portions of the record that conclusively refute the defendant's claims or hold an evidentiary hearing. We affirm the order denying relief on all other grounds.
AFFIRMED IN PART, REVERSED IN PART WITH INSTRUCTIONS.
DAUKSCH, COBB and PETERSON, JJ., concur.