685 So.2d 879 (1996)
Koris JENNINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03441.
District Court of Appeal of Florida, Second District.
November 6, 1996.
*880 PER CURIAM.
Koris Jennings challenges the trial court's denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because one of his many claims is facially sufficient, we reverse and remand on that issue only. In all other respects, we affirm.
Jennings was convicted of two counts of sexual battery, which our incomplete record suggests grew out of one criminal episode. In his motion he asserts under oath that he was persuaded by trial counsel that if he elected to testify the violent details of his prior criminal history would be brought before the jury and would guarantee conviction. In fact had he testified the state could have brought out the number of his prior felony convictions, and, if he misrepresented the number, certified copies of the convictions would have been admissible. The details of those crimes would not constitute legitimate impeachment.
Our supreme court recently decided that claims alleging ineffectiveness of counsel must establish both that counsel's performance was deficient and that the client was prejudiced thereby, the two prongs established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Oisorio v. State, 676 So.2d 1363 (Fla. 1996). The advice allegedly tendered by Jennings' attorney falls below the level of adequacy which insures a criminal defendant a reasonably fair trial.
In his motion Jennings recites that had he testified he would have been able to persuade the jury that the victims had willingly agreed to "party" with him, and that no force to which they testified was used. We note that the defense of consent to a charge of sexual battery is a defense which can often be advanced only through the testimony of the criminal defendant.
It is uncontroverted that Jennings and his co-defendant had been socializing with the victims and that the victims had been drinking and smoking marijuana prior to the incident giving rise to these convictions. Because we do not have the benefit of the whole record, and have no knowledge of the strength of the case against Jennings, it is impossible to determine whether his testimony would "probably" have produced a different result as is required by Strickland. We are unable to pronounce unequivocally that it would not have made a difference under these circumstances.
We hold that his allegation is sufficiently pleaded, and, that if record attachments do not refute the claim, he is entitled to an evidentiary hearing.
*881 Affirmed in part, reversed in part, and remanded.
PARKER, A.C.J., and ALTENBERND and QUINCE, JJ., concur.