698 So.2d 899 (1997)
Rufus HATTEN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1255.
District Court of Appeal of Florida, Fifth District.
August 29, 1997.
Rufus Hatten, Sanderson, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Rufus Hatten appeals the summary denial of his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Hatten was tried and convicted of armed robbery and was sentenced as a habitual violent felony offender to life with a 15 year minimum mandatory term and a concurrent 3 year term for use of a firearm. He appealed and his conviction and sentence were affirmed. See Hatten v. State, 654 So.2d 1174 (Fla. 5th DCA 1995).
Hatten now claims that his trial counsel was ineffective. In order to prevail, he must demonstrate that counsel's performance was deficient and that there is a reasonable probability that the outcome of the proceeding would have been different absent the deficient performance. See Haliburton v. Singletary, 691 So.2d 466 (Fla.1997). As to Hatten's claim that counsel was ineffective regarding the line-up, we agree with the trial court that prejudice has not been shown. The sufficiency of the state's notice of intent to habitualize was raised and rejected in the *900 direct appeal and therefore is procedurally barred from reconsideration on a post-conviction motion. See Maharaj v. State, 684 So.2d 726, 728 (Fla.1996) (issues raised on direct appeal cannot be relitigated in a post-conviction proceeding). Therefore, we affirm the trial court's denial of these two grounds for relief.
However, we find that the trial court erred in summarily denying the remaining ineffective assistance claims. In Edwards v. State, 652 So.2d 1276 (Fla. 5th DCA 1995), we held that a claim that trial counsel failed to investigate or call exculpatory witnesses was facially sufficient and must either be refuted by attachments or an evidentiary hearing held. Hatten claims that he gave his counsel's investigator the names of three witnesses who could impeach the identification testimony and one witness who would testify that Hatten had an alibi. In reviewing a summary denial, we must accept these allegations as true. Edwards, 652 So.2d at 1277. Since the only evidence connecting Hatten to the robbery was the victim's identification, this testimony could have affected the outcome of the trial, and therefore summary denial was error. On remand, the trial court must either attach specific portions of the record which conclusively refute the ineffective assistance claims or hold an evidentiary hearing.
AFFIRMED IN PART; REVERSED IN PART.
PETERSON and ANTOON, JJ., concur.