PER CURIAM.
Ronald E. Smith appeals the summary denial of his amended motion for post-conviction relief, in which he claimed that he was deprived of his right to testify by reason of ineffective assistance of trial counsel. In relevant part, Smith alleged that the only evidence directly tying him to the charged offense was the presence of his fingerprints at the crime scene, and that had he been permitted to testify, he could have offered a reasonable and innocent explanation for that fact. The trial court summarily denied relief, concluding that portions of the record attached to its order provided additional evidence to support the state’s theory that Smith committed the charged crime, and therefore, Smith had failed to adequately demonstrate prejudice as a consequence of counsel’s alleged actions. Having reviewed these portions of the record, we conclude that the evidence relied on by the trial court to deny relief was not so overwhelmingly indicative of Smith’s guilt, nor was his proffered testimony so insubstantial that it can be held, as a matter of law, that Smith failed to establish prejudice as a consequence of counsel’s alleged actions. Compare State v. Oisorio, 657 So.2d 4 (Fla. 3d DCA 1995), aff'd, 676 So.2d 1363 (Fla.1996). Accordingly, we reverse and remand to the trial court for further proceedings. On remand, the trial court shall either attach to its order denying relief additional portions of the record conclusively showing that appellant is entitled to no relief, or shall hold an eviden-tiary hearing.
REVERSED and REMANDED for further proceedings.
MINER, ALLEN and MICKLE, JJ., concur.