711 So.2d 1371 (1998)
Robert JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4060.
District Court of Appeal of Florida, Fourth District.
June 17, 1998.
*1372 Michael B. Holden of Law Office of Michael B. Holden, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We withdraw our prior opinion filed March 25, 1998, and substitute the following in its place.
Robert Jackson appeals the summary denial of his rule 3.850 motion for postconviction relief. We reverse and remand with respect to a portion of his first ground for relief, as well as his fourth ground, but otherwise affirm.
Appellant was charged with two counts of second degree murder with a firearm and one count of attempted second degree murder with a firearm in connection with a "shootout" occurring outside a bar while several people looked on. Following a jury trial, he was found guilty as charged on the first count, guilty of manslaughter on the second count, and guilty of aggravated battery with a firearm on the attempted second degree murder charge.
The grounds upon which we reverse were all claims of ineffective assistance of trial counsel. A rule 3.850 movant is entitled to an evidentiary hearing on an ineffective assistance of counsel claim if he specifies facts, not conclusively rebutted by the record, demonstrating counsel's deficiency in performance that prejudiced him. See Rose v. State, 617 So.2d 291, 296 (Fla.), cert. denied, 510 U.S. 903, 114 S.Ct. 279, 126 L.Ed.2d 230 (1993). In order to demonstrate ineffective assistance of counsel, a claimant for postconviction relief must show that his counsel's performance was deficient and that there is a reasonable probability that counsel's deficient performance affected the outcome of the trial. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Provenzano v. State, 616 So.2d 428, 430-31 (Fla.1993).
Appellant's first ground included an allegation of ineffective assistance based on trial counsel's failure to call certain named witnesses to the shootout. In the motion, Appellant stated that they were willing and available to testify that Appellant was not the shooter, for the purpose of rebutting state witnesses who testified to seeing Appellant commit the offenses. The state argues that summary denial of this claim was warranted because the failure to call these witnesses clearly constituted trial tactics. It is true that such a decision is subject to collateral attack only in rare circumstances when the decision is so irresponsible as to constitute ineffective assistance of counsel. See Roth v. State, 479 So.2d 848 (Fla. 3d DCA 1985). However, the failure to call witnesses can constitute ineffective assistance of counsel if the witnesses may have been able to cast doubt on the defendant's guilt, and the defendant states in his motion the witnesses' names and the substance of their testimony, and explains how the omission prejudiced the outcome of the trial. See Sorgman v. State, 549 So.2d 686 (Fla. 1st DCA 1989). Appellant's motion met these requirements, and no record attachments refuted his allegations.
Appellant's fourth ground concerned counsel's failure to object to the prosecutor's comments concerning Appellant's post-arrest silence, which the state argued was procedurally barred because those comments were raised as error in Appellant's direct appeal. However, it is clear that any error involved in those comments was not preserved for appeal by counsel's failure to object; such failure may be sufficient to constitute the ineffective assistance of counsel pursuant to a rule 3.850 motion. See Davis v. State, 648 So.2d 1249, 1250 (Fla. 4th DCA 1995); Overton v. State, 531 So.2d 1382, 1387 (Fla. 1st DCA 1988); Martin v. State, 501 So.2d 1313 (Fla. 1st DCA 1986).
As to the foregoing grounds for relief, the record before this court does not conclusively demonstrate that Appellant is entitled to no relief. Therefore, the order summarily denying the motion is reversed and the cause remanded for an evidentiary hearing or the attachment of further record excerpts. See Fla. R.App. P. 9.140(g).
*1373 As to the remaining grounds,[1] we affirm the trial court's summary denial.
AFFIRMED in part, REVERSED in part and REMANDED.
GLICKSTEIN, POLEN and SHAHOOD, JJ., concur.
NOTES
[1] In our prior opinion, we also reversed based on Appellant's second ground for relief, which alleged counsel was ineffective for failing to allow Appellant to testify. However, we now conclude that Appellant's allegations did not satisfy the prejudice prong. See Oisorio v. State, 676 So.2d 1363 (Fla.1996)(no per se rule of ineffectiveness when a defendant claims a right to postconviction relief based on counsel's interference with the right to testify; claimant must show both counsel's deficiency and that counsel's deficient performance prejudiced the defense). Here, Appellant alleged merely that he would have declared his innocence, rebutting the testimony of state witnesses. To be entitled to an evidentiary hearing on a claim that counsel deprived the defendant of the right to testify, even where no waiver is shown to be of record, a postconviction movant must show more. See, e.g., Jennings v. State, 685 So.2d 879 (Fla. 2d DCA 1996)(reversing summary denial where defendant would have testified, in sexual battery case, to victim's consent, a defense which could be advanced only through testimony of defendant); Smith v. State, 700 So.2d 469 (Fla. 1st DCA 1997)(reversing summary denial where defendant would have offered a reasonable explanation for presence of his fingerprints at scene, the only evidence tying him to the crime).