KLEIN, Judge.
Appellant was convicted of second degree murdei». He argues that his right to be present at all essential stages of his proceedings was violated because he was not present at a calendar call when his counsel advised the court that he was not ready for trial because he had not been able to depose the medical examiner. Four days prior to the trial date, defense counsel orally moved for a continuance because he still had been unable to depose the medical examiner. The court denied the motion, but provided that defense counsel would have the opportunity to depose the medical examiner before that witness testified. The defendant argues that his absence at that hearing was also error.
Florida Rule of Criminal Procedure 3.180(a)(3) provides that the defendant shall be present “at any pretrial conference, unless waived by the defendant in writing.” Although pretrial conference is not defined in our criminal rules, Rule 3.220(p) provides:
(p) Pretrial Conference.
(1) The trial court may hold 1 or more pretrial conferences, with trial counsel present, to consider such matters as will promote a fair and expeditious trial. *3 The defendant shall be present unless the defendant waives this in writing.
We do not agree with the defendant that the calendar call or the later hearing at which his counsel requested a continuance were-pretrial conferences as contemplated by Rule 3.180(a)(3). Even if they were, appellant’s absence would be harmless, because he could not have assisted in any way. Coney v. State, 653 So.2d 1009, 1013 (Fla.1995). We therefore affirm.
GUNTHER and FARMER, JJ., concur,-