PER CURIAM.
Appellant filed a 247-page pro se motion for post-conviction relief raising approximately 12 different claims for post-conviction relief following his conviction and 30-year sentence for second degree murder. Appellant’s motion was verified and timely from the date that this court affirmed his conviction and sentence in Cotton v. State, 23 Fla. L. Weekly D1536, - So.2d -, 1998 WL 329441 (Fla. 4th DCA 1998). It raised multiple claims of ineffective assistance of trial counsel, prosecutorial misconduct and other trial court error. The trial court summarily denied this motion without ordering a state response, without evidentiary hearing, and without attachment of portions of the trial court record.
“When a trial court summarily denies a motion for post-conviction relief without holding an evidentiary hearing or attaching portions of the record to refute the allegations, review is limited to determining whether, accepting the allegations as true, the motion shows the defendant is not entitled to relief.” Edwards v. State, 652 So.2d 1276, 1277 (Fla. 5th DCA 1995). We cannot conclude that this motion for post conviction relief shows that appellant is not entitled to relief on any of the multiple grounds raised, including the claims of ineffective assistance of trial counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Accordingly, we reverse and remand to the trial court. Should the trial court *1159 again conclude that the record conclusively establishes that appellant is entitled to no relief, it shall attach to its order those additional portions of the record which lead it to that conclusion. Otherwise, it shall hold an evidentiary hearing.
GUNTHER, FARMER and KLEIN, JJ., concur.