ON MOTION FOR CLARIFICATION/REHEARING

BROWNING, J.
Having considered the appellee’s motion for rehearing, we grant the motion and withdraw the opinion previously filed in *723 this cause, substituting the following decision and opinion in lieu thereof.
Appellant, Darrell Monson (Monson), serving a sentence of fifteen years as an habitual offender for a burglary conviction, appeals the trial court’s order denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. As grounds for relief, Monson asserts seven claims of ineffective assistance of counsel, only one of which merits discussion.
Monson alleges counsel was ineffective for failing to object to, or properly question during voir dire, three veniremen having various ties to law enforcement, or knowledge of law enforcement officers, who were later seated as jurors. He alleges he was prejudiced because, had defense counsel properly conducted voir dire, there is a reasonable probability the outcome of the trial would have been different. This is a facially sufficient claim of ineffective assistance of counsel which requires the trial court to either conduct an evidentiary hearing, or attach to its order portions of the record conclusively refuting the claim. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Smith v. State, 699 So.2d 629, 636 (Fla.1997); Harich v. State, 484 So.2d 1239, 1240 (Fla.1986); Jennings v. State, 685 So.2d 879, 880 (Fla. 2d DCA 1996). Because the trial court failed to do either, we reverse.
Monson alleges that during voir dire, venireman Pippin stated she had close friends who worked for the Sheriffs Office; venireman Laca stated she was related through her spouse to an employee of the State Attorney’s Office prosecuting Monson’s case; and venireman Peel stated he was an Inspector for the Parole and Probation Commission and personally knew Officer Bickers, a witness in the case. Monson was on probation at the time of the instant offense. Counsel did not peremptorily challenge any of these veniremen, nor did he conduct questioning to determine whether grounds existed to challenge any of these veniremen for cause.
When it is known that law enforcement officers may testify, veniremen should be questioned to determine whether there is any predisposition to give greater weight to. the testimony of law enforcement officers. Smith, 699 So.2d at 636. The relevant inquiry is whether a venireman can lay aside any bias or prejudice and render a verdict based solely on the evidence presented and the instructions of law given by the court. Id. A venireman must be excused for cause if any reasonable doubt exists as to whether he or she possesses an impartial state of mind. Id.; Bryant v. State, 656 So.2d 426, 428 (Fla.1995). The record before this court is devoid of any questioning regarding possible bias in favor of law enforcement. Because Monson has alleged a facially sufficient claim of ineffective assistance of counsel, and his claim is not conclusively refuted by the record, we remand for an evidentiary hearing or attachment of additional portions of the record conclusively refuting his claim. Harich, 484 So.2d at 1240.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
ERVIN and LAWRENCE, JJ., CONCUR.