PER CURIAM.
Michael Mannolini appeals the summary denial of his postconviction motion in which he alleged that his trial attorney failed to object to improper comments and argument by the prosecutor, thereby waiving the issue for direct appeal. The trial court’s order denying the motion adopted and attached the state’s response. We reverse because neither the arguments in the state’s response, nor the attachments thereto, showed conclusively that Mannoli-ni was entitled to no relief.
The allegations in the motion were legally sufficient. The motion included citations to the pages of the trial transcript where the appellant alleged the prosecutorial misconduct could be found. Contrary to the state’s argument, Florida Rule of Criminal Procedure 3.850 did not require Mannolini to attach the transcript pages to his motion. LeCroy v. Dugger, 727 So.2d 236, 242 (Fla.1998)(defendant has no burden to attach “affidavits or other proof’ to support the allegations in the motion).
*1015 Nor do we agree with the finding that because Mannolini raised the issue of prosecutorial misconduct on direct appeal[1] , he could not have been prejudiced by his attorney’s failure to object. Where it is clear that the issue was not preserved for appeal and the court could have affirmed for that reason, “such failure may be sufficient to constitute the ineffective assistance of counsel pursuant to a rule 3.850 motion.” Jackson v. State, 711 So.2d 1371, 1372 (Fla. 4th DCA 1998).
On remand, if the trial court finds that the prosecutor’s arguments and cross examination questions were not objectionable, the order must attach those pages of the transcript in which the comments and questions can be found. If, as the state argued below, the motion cited the incorrect pages of the transcript and did not describe the alleged improprieties in sufficient detail, Mannolini should be given the opportunity to amend his motion.
SHAHOOD, GROSS and TAYLOR, JJ., concur.

. Mannolini v. State, 725 So.2d 1131 (Fla. 4th DCA 1998)(mem.).