776 So.2d 373 (2001)
Clarence FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3432.
District Court of Appeal of Florida, Fifth District.
February 2, 2001.
Clarence Ford, Okechobee, pro se.
No Appearance for Appellee.

ON MOTION FOR REHEARING
PLEUS, J.
Clarence Ford filed a motion for rehearing after we affirmed per curiam the trial court's order summarily denying his Rule 3.850 motion, which alleged three instances of ineffective assistance of trial counsel. Ford was convicted of two counts of resisting arrest without violence and other offenses after a jury trial. We deny his motion.
Ford argues that his trial counsel failed to conduct an adequate pre-trial investigation *374 by failing to interview and call several potential witnesses. Under the circumstances, we conclude that he was not entitled to relief on this claim. As the trial court pointed out in its order, generally the decision whether to call certain defense witnesses is a tactical decision not subject to attack under Rule 3.850. Given these circumstances, the tactical decision was a reasonable one as two of the three witnesses were Ford's own parents; defense counsel could have well decided that calling them would not have been beneficial.
Ford further complained that his trial counsel was ineffective for advising him not to testify on his own behalf. We conclude that he was not entitled to relief on this claim. As the trial court pointed out in its order, Ford failed to demonstrate any prejudice. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Ford also asserted that his trial counsel was ineffective for allegedly failing to conduct a proper cross-examination of a state witness, Ms. Renee Buggs. Specifically, Ford complained that defense counsel's cross-examination of Ms. Buggs consisted of only one question, whether she actually saw Ford "windup and punch" any of the officers. Ford failed to demonstrate just how his trial counsel was ineffective for limiting his cross-examination to that question. Trial counsel may well have had good reason not to ask any other questions of her.
MOTION FOR REHEARING DENIED.
GRIFFIN and PALMER, JJ., concur.