790 So.2d 471 (2001)
Darrel SCHOPPER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-401.
District Court of Appeal of Florida, Fifth District.
June 1, 2001.
*472 Darrel Schopper, Huntsville, TX, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Defendant, Darrel Schopper ["Schopper"], appeals the decision of the lower court denying his claim of ineffective assistance of trial counsel without an evidentiary hearing.
In his Rule 3.850 motion, Schopper claimed that his counsel in his retrial was ineffective for failing to investigate and call exculpatory witnesses who had testified in his first trial, which ended in a hung jury. The trial court rejected Schopper's ineffective assistance claim for failure to satisfy the prejudice prong. The court noted that although Schopper alleged that his trial counsel in his second trial had failed to call several exculpatory witnesses, Schopper also indicated that one of those witnesses was called because Schopper himself called him. The court concluded that because Schopper knew of the alleged exculpatory witnesses and had demonstrated his willingness to call witnesses himself, he could not be prejudiced by counsel's alleged ineffective performance.
Schopper explains that after his first trial ended in a mistrial due to a hung jury, the public defender had to withdraw due to a conflict of interest resulting from the state's addition of an inmate informant to the witness list for the retrial. Defendant was appointed a new attorney for the retrial, and claims that his new attorney failed to investigate the exculpatory witnesses from the first trial who refuted the state's case and failed to investigate new rebuttal witnesses to impeach the new jail house informant used in the retrial. Defendant lists the names and addresses of the witnesses and claims that his attorney knew the names and whereabouts of the witnesses, but failed to call anyone except Schopper himself.
According to the statement of facts in the briefs filed on direct appeal after the second trial, the victim of the crime at issue was Xeumei Wang. She rented a cottage on Richard Stout's property and used him as her banker. Stout kept Wang's money under his mattress. Wang testified that in August of 1996, she received $16,000 from her husband, which she gave to Stout to keep. He was already holding $3,700 for her. Stout testified that he left town for three or four weeks after receiving the money from Wang and when he returned, he discovered the money was gone. The victim admitted that she had the run of Stout's property and sometimes forgot to lock the large porch window.
Schopper lived in a trailer on Stout's property and did odd jobs for him. According to Stout, Schopper was usually late with his rent and left without notice two weeks after the theft was discovered. Schopper's girlfriend testified that he had more money than usual around the relevant time and that he first told her he had sold a high performance engine, then later indicated that he had inherited money from an uncle, and finally said he had stolen some money from Stout. On cross-examination, the girlfriend indicated she was unsure of this last statement. The girlfriend said the money was used to purchase a truck, new tires, a trailer to live in, speakers and some clothes for her.
A co-worker of Schopper's also testified that Schopper showed up with a lot of money at the relevant time. Although at work Schopper said that he had inherited the money, the co-worker said that after drinking beer one evening with him, Schopper told him that he had taken the *473 money from someone's house, from under a mattress.
Finally, Schopper's jail roommate testified that Schopper had admitted taking money from his boss' house. The inmate testified that Schopper said the money belonged to a Japanese woman and that he had entered the house through an unlocked door and found the money under a mattress. On cross-examination, the inmate admitted that he had offered his testimony while his own case was pending.
Schopper offered the testimony of a friend who testified that Schopper had rebuilt an engine worth $8,000 to $15,000 and that he was with Schopper when the engine was delivered to a buyer and saw Schopper receive money for it. Schopper also took the stand and testified that he earned money at the welding shop where he worked and from selling scrap metal and doing side work on weekends. He testified that he purchased a truck with the proceeds from the sale of the engine he had rebuilt and had borrowed money from his brother to buy the trailer. He denied stealing any money or telling anyone he had done so.
In his Rule 3.850 motion, Schopper points out that there were no witnesses to the crime and no physical evidence directly connecting him to the crime. He argues that his trial counsel was ineffective for failing to call witnesses to support his testimony, such as his brother, Robert Schopper, who could have testified that he loaned Schopper the money to purchase the trailer. The records custodian where Schopper worked could have confirmed Schopper's earnings. Schopper also listed Sgt. Murray and four men who were apparently inmates at the jail when Schopper was incarcerated.
We cannot agree with the conclusion of the trial judge that Schopper could not have been prejudiced by counsel's failure to call defense witnesses since Schopper had called one witness himself and therefore was aware that he could have called other witnesses.[1] The witness called by Schopper was a friend who did not need to be subpoenaed. Schopper was represented by counsel, whom he had the right to expect would interview and subpoena needed witnesses. Schopper was not obliged to subpoena, prepare and examine the witnesses himself.
As this court said in Hatten v. State, 698 So.2d 899 (Fla. 5th DCA 1997), a claim that counsel failed to investigate or call exculpatory witnesses must be refuted by the record or an evidentiary hearing must be held to determine the facts. Here, Schopper alleges the identity of the prospective witness, the substance of the witness' testimony and explains how the omission of the testimony prejudiced the outcome. See, e.g., Odom v. State, 770 So.2d 195 (Fla. 2d DCA 2000); Jackson v. State, 711 So.2d 1371 (Fla. 4th DCA 1998); Brooks v. State, 710 So.2d 595 (Fla. 1st DCA 1998).
In light of the fact that Schopper's first trial resulted in a hung jury and Schopper's unexplained wealth appeared to be an important issue in the trial, we conclude that Schopper's motion was facially sufficient in alleging that counsel was ineffective, at least for not calling Schopper's brother to testify. Accordingly, we reverse as to this claim and remand for attachment of records to refute the claim or to conduct an evidentiary hearing.
REVERSED and REMANDED.
PETERSON and SAWAYA, JJ., concur.
NOTES
[1] All this court knows of what transpired at trial is what Schopper has alleged.