PER CURIAM.
Oliver appeals an order summarily denying ground two of his Rule 3.850[1] motion for postconviction relief. Because the lower court failed to attach portions of the record to conclusively refute Oliver’s claims, our review is limited to determining whether, accepting the allegations as true, the motion shows the defendant is not entitled to relief. Edwards v. State, 652 So.2d 1276, 1277 (Fla. 5th DCA 1995). Although the court gave a reason for denying ground two, its rationale did not address the issue raised in the postconviction motion. The court stated that Oliver failed to “show any legal theory that would have justified excluding the testimony of this witness.” Oliver was not arguing that the witness should have been excluded. Rather, he argued that portions of the witness’ testimony were improper and prejudicial.
Because the trial court failed to attach portions of the record to conclusively refute Oliver’s claim, we reverse and remand to the trial court with instructions to either attach records which conclusively refute Oliver’s allegations, or conduct an eviden-tiary hearing. Finally, we note that Oliver did not appeal the denial of grounds one and three of his motion after an evidentia-ry hearing. We therefore affirm that portion of the order denying grounds one and three.
AFFIRMED IN PART; REVERSED IN PART.
PETERSON, GRIFFIN and PLEUS, JJ., concur.

. Fla. R.Crim. P. 3.850 (2001).