825 So.2d 358 (2002)
Clarence FORD, Petitioner,
v.
STATE of Florida, Respondent.
No. SC01-690.
Supreme Court of Florida.
August 22, 2002.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Kellie A. Nielan and Alfred Washington, Jr., Assistant Attorneys General, Daytona Beach, FL, for Respondent.
PER CURIAM.
We have for review Ford v. State, 776 So.2d 373 (Fla. 5th DCA 2001) (opinion on rehearing), which expressly and directly conflicts with the decision in Jackson v. State, 711 So.2d 1371 (Fla. 4th DCA 1998), on the issue of whether an evidentiary hearing is required to determine whether trial counsel's actions were tactical when petitioner alleged that counsel failed to investigate or call potential witnesses and further alleged the identity of the prospective witnesses and the substance of the witnesses' testimony, and explained how the omission of this evidence prejudiced the outcome of the trial, and where the trial court did not attach portions of the record refuting those allegations. We *359 have jurisdiction, see art. V, § 3(b)(3), Fla. Const., and quash Ford.
Petitioner Clarence Ford was charged in a five-count information for: (1) resisting an officer with violence; (2) battery upon a law enforcement officer (Officer Algin); (3) battery upon a law enforcement officer (Officer Anderson); (4) resisting arrest without violence; and (5) possession of drug paraphernalia. The jury found petitioner not guilty as to count two; guilty as charged as to counts three, four, and five; and with regard to count one, guilty of the lesser included offense of resisting an officer without violence. On appeal, the Fifth District reversed the conviction as to count four but affirmed the remainder of the convictions. See Ford v. State, 735 So.2d 615 (Fla. 5th DCA 1999).
Petitioner timely filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and alleged three separate instances of trial counsel's ineffectiveness. The trial court did not request the State to respond to the motion, and by written order and without an evidentiary hearing on any of petitioner's three contentions, the trial court summarily denied the rule 3.850 motion. The trial court did not attach any portions of the record, but the trial court did supply its reasoning for denying the motion. The Fifth District affirmed. See Ford, 776 So.2d at 374.
According to petitioner's pro se 3.850 motion, petitioner's theory of the case, which he labeled as his "alibi," was that two police officers came into his parents' home to arrest him on a violation of probation warrant. Petitioner admits to resisting and trying to elude arrest because he had a warm crack pipe in his pocket and did not want that added as another violation to his probation. However, petitioner maintains that his theory of the case was that petitioner did not "intentionally touch, strike, [or] attempt to strike" either officer.[1]
Petitioner's first contention in the 3.850 motion was that his counsel was ineffective for failing to interview and call several potential witnesses. Petitioner alleged that he informed his counsel that his parents, Pearlie Mea Ford and Clarence Ford (same name as petitioner), were at the scene, witnessed the entire incident, could testify on petitioner's behalf, and would testify if requested. Likewise, petitioner alleged that he informed his counsel that Johnson Burke was at the scene and witnessed all but a moment or two of the incident.[2] Petitioner's parents would have testified, according to petitioner's 3.850 motion, that while petitioner did resist arrest, petitioner never intentionally touched either officer. Burke would have testified, according to petitioner's 3.850 motion, that petitioner never fought back against the officers or grabbed any of the officers' equipment, including a can of mace.
In the motion, petitioner further alleged that he supplied his counsel with the names of his parents and Burke, their addresses, their phone numbers, and the nature of their testimony. Petitioner also alleged that counsel's failure to interview and call these witnesses prejudiced petitioner because these witnesses could have established a reasonable doubt as to *360 whether petitioner battered Officer Anderson (count three). Finally, petitioner alleged that these witnesses would have refuted the prosecution's evidence that petitioner grabbed the can of mace and that the officer hit his hand while trying to retrieve the can of mace from petitioner.
The trial court denied the motion as to claim one. The trial court did not attach any portion of the record to its order, but the trial court did state the following reasoning:
The names of the three people the Defendant wanted to testify on his behalf at trial did not appear on either the Defense's witness list or the State's witness list. The record does not reflect that the witnesses the Defendant wanted to testify were available alibi witnesses as no Notice of Alibi was filed by the defense. Postconviction relief is denied as to this allegation because strategic decisions regarding whether or not to use defense witnesses is a tactical decision, and therefore not subject to Defendant's attack under a 3.850 motion. See Wright v. State, 581 So.2d 882, 883-84 (Fla.1991).
State v. Ford, No. 98-2389-CFA, order at 2 (Fla. 18th Cir. Ct. order filed June 8, 2000). On appeal, the Fifth District affirmed the trial court. See Ford, 776 So.2d at 374.
We granted review to resolve the issue of whether the trial court was required to hold an evidentiary hearing based upon the allegations in petitioner's 3.850 motion concerning ineffective assistance of trial counsel for a failure to investigate and call witnesses. On this issue, the Fifth District held as a matter of law that counsel was not ineffective because that court concluded counsel's actions were tactical even though the trial court did not conduct an evidentiary hearing or attach portions of the record refuting the allegations. The Fifth District explained:
Ford argues that his trial counsel failed to conduct an adequate pre-trial investigation by failing to interview and call several potential witnesses. Under the circumstances, we conclude that he was not entitled to relief on this claim. As the trial court pointed out in its order, generally the decision whether to call certain defense witnesses is a tactical decision not subject to attack under Rule 3.850. Given these circumstances, the tactical decision was a reasonable one as two of the three witnesses were Ford's own parents; defense counsel could have well decided that calling them would not have been beneficial.

Ford, 776 So.2d at 373-74 (emphasis added). Whereas in Jackson the Fourth District in a similar case reversed a summary denial and remanded for an evidentiary hearing and explained:
Appellant's first ground included an allegation of ineffective assistance based on trial counsel's failure to call certain named witnesses to the shootout. In the motion, Appellant stated that they were willing and available to testify that Appellant was not the shooter, for the purpose of rebutting state witnesses who testified to seeing Appellant commit the offenses. The state argues that summary denial of this claim was warranted because the failure to call these witnesses clearly constituted trial tactics. It is true that such a decision is subject to collateral attack only in rare circumstances when the decision is so irresponsible as to constitute ineffective assistance of counsel. See Roth v. State, 479 So.2d 848 (Fla. 3d DCA 1985). However, the failure to call witnesses can constitute ineffective assistance of counsel if the witnesses may have been able to cast doubt on the defendant's *361 guilt, and the defendant states in his motion the witnesses' names and the substance of their testimony, and explains how the omission prejudiced the outcome of the trial. See Sorgman v. State, 549 So.2d 686 (Fla. 1st DCA 1989). Appellant's motion met these requirements, and no record attachments refuted his allegations.
711 So.2d at 1372. We agree with the analysis in Jackson and conclude that on the basis of the allegations in this petition that an evidentiary hearing should have been required in order to resolve whether what counsel did was tactical.
Without an evidentiary hearing or any record attachments refuting petitioner's allegations, the trial court was bound to assume that the allegations in petitioner's 3.850 motion were true. See Edwards v. State, 652 So.2d 1276, 1276-77 (Fla. 5th DCA 1995). We conclude that the Fifth District, by affirming the trial court's order on the basis that "defense counsel could have well decided that calling them would not have been beneficial," Ford, 776 So.2d at 374, erroneously allowed the trial court to deviate from this rule. The Fifth District's statement in Ford resolved, without either a clear trial record basis identified by the trial court or an evidentiary hearing, the factual issue involving the reason why counsel did not call the witnesses identified by the petitioner. We conclude that, in the instant case, to determine the reason why trial counsel did not call the witnesses it was necessary to grant petitioner an opportunity to present evidence. See Williams v. State, 601 So.2d 596, 598-99 (Fla. 1st DCA 1992) (reversing trial court's finding without benefit of evidentiary hearing that trial counsel's decision not to call witnesses was tactical because such an allegation raised question of fact).
In this regard we agree with the Fourth District's decision in Jackson. 711 So.2d at 1372; see also Williams, 601 So.2d at 598-99. Indeed, the Fifth District itself has previously stated in Hatten v. State, 698 So.2d 899, 900 (Fla. 5th DCA 1997), that "a claim that trial counsel failed to investigate or call exculpatory witnesses [when] facially sufficient ... must either be refuted by attachments or an evidentiary hearing held." See also Schopper v. State, 790 So.2d 471, 473 (Fla. 5th DCA 2001); Edwards, 652 So.2d at 1276-77. Finally, we note that the trial court's reliance upon Wright v. State, 581 So.2d 882 (Fla.1991), apparently does not take into account that we affirmed Wright following an evidentiary hearing. See id. at 883 (noting trial court granted two-day evidentiary hearing on rule 3.850 motion).
We find similar error with the Fifth District's statements in the instant case with respect to petitioner's third contention of trial counsel's ineffectiveness. See Ford, 776 So.2d at 374. Petitioner's third contention of ineffectiveness was that counsel failed to properly cross-examine Renee Buggs, petitioner's probation officer and a prosecution witness, in that trial counsel only asked Buggs one question. Petitioner alleged that counsel's only question of Buggs was whether she saw petitioner "punch, wind up and punch any of the deputies," to which Buggs responded in the negative. As with claim one, the trial court ruled without allowing an evidentiary hearing. Again, the trial court commented that it could not review any specific discretionary tactical act and that trial counsel's decision regarding how counsel would question a witness constituted such a discretionary trial strategy. The Fifth District affirmed and stated:
Ford failed to demonstrate just how his trial counsel was ineffective for limiting his cross-examination to that question. Trial counsel may well have had good *362 reason not to ask any other questions of her.
Ford, 776 So.2d at 374 (emphasis added).
Consistent with our analysis in claim one, the language "may well have had good reason" in the Fifth District's opinion must necessarily involve a resolution of fact. See Williams v. State, 601 So.2d at 598-99. Thus, the Fifth District erred in resolving as a matter of law the factual issue of whether counsel's actions were tactical. The Fifth District did not reach the issue of prejudice in respect to this claim, which that court is to review upon remand.

CONCLUSION[3]
Accordingly, we quash the decision of the Fifth District and remand for further proceedings in accord with this opinion.
It is so ordered.
ANSTEAD, C.J., and SHAW, HARDING, WELLS, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] Petitioner's main attack is to count three (battery on Officer Anderson) because petitioner, after being found a habitual offender, was sentenced to eight years of imprisonment on this count. The trial court sentenced petitioner to significantly less time for the other convictions.
[2] Petitioner refers to Johnson Burke and Johnson Bruce. We understand those references to be to the same individual.
[3] We find no error with the Fifth District's conclusion that petitioner failed to demonstrate prejudice in petitioner's allegations of trial counsel's ineffectiveness based upon counsel advising petitioner not to testify on his own behalf. See Ford, 776 So.2d at 374.