COVINGTON, Judge.
David Suggs appeals the trial court’s order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of postconviction relief as to all claims contained in the motion except two that we believe warrant additional consideration. In his first claim for relief, Mr. Suggs alleges a colorable claim that his trial counsel was ineffective for lack of *262 diligence in questioning a juror, Ms. Chaplin, during voir dire. See Monson v. State, 750 So.2d 722 (Fla. 1st DCA 2000); Lambrix v. State, 559 So.2d 1137, 1138 (Fla.1990). In his ninth claim for relief, Mr. Suggs alleges a colorable claim that his trial counsel was ineffective for failing to investigate or call two exculpatory witness. See Honors v. State, 752 So.2d 1234, 1235-36 (Fla. 2d DCA 2000); Gaskin v. State, 737 So.2d 509, 514-15 (Fla.1999). Because these two claims are facially sufficient and the record does not show “conclusively that the appellant is entitled to no relief, the order [is] reversed and the cause remanded for an evidentiary hearing,” Fla. R.App. P. 9.141(b)(2)(D), as to these issues. See also Waters v. State, 779 So.2d 625, 626 (Fla. 1st DCA 2001).
Affirmed in part, reversed in part, and remanded with instructions.
ALTENBERND, C.J., and KELLY, J., Concur.