PER CURIAM.
Yudalkis Pina Oropesa appeals the summary denial of her motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850, in which she raised three grounds for relief. We reverse and remand for further proceedings on grounds one and two and affirm without comment on ground three.
Oropesa was charged with cultivation of cannabis (count one), trafficking in cannabis (count two), and possession of paraphernalia (count three) following her arrest at a marijuana grow house. On July 19, 2010, she pleaded nolo contendere in exchange for forty-eight months’ probation on count one and credit for time served on count three. Count two was nolle prossed. On March 26, 2012, Oropesa, through counsel, filed the current motion for post-conviction relief under rule 3.850.
In ground one, Oropesa alleged that the counsel who represented her during entry of the plea was ineffective for failing to list, investigate, and call certain witnesses that would have supported her innocence. First, Oropesa claimed that her landlord, Manuel Gust Gonzalez-Gonzalez, would have testified that she lived continuously in Nevada for the year preceding the arrest. In addition, Blanca Rosa, the manager of the restaurant at which Oropesa worked in Las Vegas, would have allegedly testified that Oropesa had been working there since before the arrest and was living full-time in Nevada. Finally, Naomi Leyva, who picked up Or-opesa at the airport in Miami the day before the arrest and in whose home Or-opesa was a guest, would have testified that Oropesa was in Florida on vacation, that she had not been anywhere in Florida in the months before the arrest, and that she was only at the grow house on the day in question to attend a pool party. Orope-sa concluded that had these witnesses been properly investigated and listed, she would have insisted on proceeding to trial.
The postconviction court denied this claim, finding that the testimony would have had little bearing on Oropesa’s guilt. In support, the postconviction court noted that the probable cause affidavit showed that three individuals fled from the rear exit of the house when police arrived, one of whom was Oropesa. In addition, Orope-sa’s personal property was allegedly found in the residence. The court concluded that because the witnesses did not cast doubt on Oropesa’s guilt, she had not established a reasonable probability that she would have proceeded to trial had her counsel listed and investigated them.
The affidavit in question indeed shows that Oropesa fled through the back door and that some of her personal property was in the residence. However, the affidavit goes on to indicate that she was located in the backyard and detained without incident, and there is no description of what personal property was found. To prove Oropesa’s guilt at trial, the State would have had to show that Oropesa was more than a mere visitor in the home. See Brooks v. State, 501 So.2d 176, 178 (Fla. 4th DCA 1987). Although the information contained in the affidavit could be used at trial to help establish guilt, it is not so conclusive by itself as to undermine the possible benefit of Oropesa’s desired testimony. See Jacobs v. State, 880 So.2d 548, 555 (Fla.2004) (“[T]he mere existence of evidence of guilt is insufficient to conclu *1185 sively rebut a claim of ineffectiveness in failing to present evidence of innocence in the form of known and available alibi witnesses.”); see also Ford v. State, 825 So.2d 358, 360-61 (Fla.2002) (“[T]he failure to call witnesses can constitute ineffective assistance of counsel if the witnesses may have been able to cast doubt on the defendant’s guilt.” (quoting Jackson v. State, 711 So.2d 1371, 1372 (Fla. 4th DCA 1998))). Therefore, the affidavit is insufficient to refute Oropesa’s assertion that but for her counsel’s failure to investigate certain witnesses, she would have gone to trial. See Grosvenor v. State, 874 So.2d 1176, 1181 (Fla.2004). Accordingly, we must reverse the posteonviction court’s denial of ground one.
In ground two, Oropesa alleged that the same counsel was ineffective for failing to properly inform her of the immigration consequences of her plea, rendering his performance deficient in light of Padilla v. Kentucky, 559 U.S. 356, -, 130 S.Ct. 1473, 1483, 176 L.Ed.2d 284 (2010), which holds that “when the deportation consequence [of a plea] is truly clear ... the duty to give correct advice is equally clear.” Oropesa claimed that had her counsel informed her of the automatic eligibility for deportation that would result from her plea, she would have exercised her right to a jury trial. Furthermore, although not necessary under Padilla, Or-opesa has maintained that she was innocent of the charges and only entered a plea due to the favorable sentencing terms. Oropesa acknowledged that she received a deportation warning during the plea colloquy in accordance with rule 3.172(c)(8) but claimed that this did not cure the prejudice arising from her counsel’s failure to comply with the requirements of Padilla. We agree. See Hernandez v. State, — So.3d -(Fla.2012).
Accordingly, we reverse the postconviction court’s denial of grounds one and two, and we remand for an evidentiary hearing on each claim.
Affirmed in part; reversed in part; remanded.
KELLY, VILLANTI, and CRENSHAW, JJ., Concur.