ON REMAND

JACOBUS, J.
We reconsider this matter on remand from the Florida Supreme Court following its decision in Castano v. State, — So.3d - (Fla.2012), which quashed our decision in Castano v. State, 65 So.3d 546 (Fla. 5th DCA 2011). The Florida Supreme Court has now confirmed that Padilla v. Kentucky, 559 U.S. 356, -, 130 S.Ct. 1473, 1483, 176 L.Ed.2d 284 (2010), is not retroactive, but has nonetheless held that this is a case to which Padilla applies.
The offense committed by Castaño is an offense which clearly subjects her to deportation. See 8 U.S.C. § 1227(a)(2)(E)® (“Any alien who at any time after admission is convicted of a crime of ... child neglect ... is deportable.”); 8 U.S.C. § 1229b(b)(l) (providing that attorney general can cancel removal under certain circumstances, but not if alien had been *29 convicted under 8 U.S.C. § 1227(a)(2)). Because the deportation consequences were clear, we agree with Castaño that the standard deportation warning she was given during the plea colloquy fails to satisfy Padilla’s requirement that she be given clear advice regarding the deportation consequence. 180 S.Ct. at 1483. The deportation warning during the plea colloquy was also insufficient to cure the prejudice arising from her counsel’s failure to comply with the requirements of Padilla. Hernandez v. State, — So.3d-(Fla. 2012); Oropesa v. State, 104 So.3d 1183 (Fla. 2d DCA 2012). Thus, we reverse and remand with instructions to reconsider Castano’s motion.
REVERSED and REMANDED WITH INSTRUCTIONS.
LAWSON and BERGER, JJ., concur.