PER CURIAM.
Danny Hernandez appeals the summary denial of his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further review of two of Hernandez’s three claims.
Hernandez was convicted of two counts of aggravated battery with a firearm and one count of aggravated assault with a *581 firearm as a result of his involvement in a shooting at a sports bar. Two men were shot in the leg. Hernandez was shot as well. He presented a misidentification defense.
Hernandez alleges in his motion that counsel was ineffective in failing to locate and call a favorable defense witness who was with him during the incident and who would have supported a self defense claim, a more appropriate and stronger defense. Hernandez faults counsel for not investigating and presenting the witness and the related defense. This claim is sufficiently pleaded and not refuted by the portions of the record attached. See Ford v. State, 825 So.2d 358, 360-61 (Fla.2002) (quoting Jackson v. State, 711 So.2d 1371, 1372 (Fla. 4th DCA 1998)). The record provided reflects comments by defense counsel about self defense within the discussions surrounding jury instructions. However, that instruction was not given, and the supporting witness was not called to testify. We reject the State’s position that Hernandez waived this claim. Counsel’s strategic decision to forego self defense, with or without the witness, may have been sound, but typically an evidentiary hearing is needed to explore that reasoning. See, e.g., Dames v. State, 807 So.2d 756 (Fla. 2d DCA 2002).
On remand, the trial court shall also consider Hernandez’s claim that counsel’s conduct was deficient with respect to the plea offer and his explanation of Hernandez’s maximum penalty. Hernandez alleges that counsel told him that his maximum penalty after trial was only “twenty years and [he] failed to explain the mandatory minimum effect of the sentence.” Given such advice, Hernandez rejected a plea offer to a fifteen-year prison term. Following the trial, the trial court sentenced Hernandez to two consecutive twenty-five-year terms for the aggravated batteries (firearm) and a consecutive twenty-year term for aggravated assault (firearm). Hernandez must serve a mandatory minimum of twenty-five years as to Counts I and II and a mandatory minimum sentence of twenty years as to Count III.
Hernandez alleges a sufficient claim. Morgan v. State, 991 So.2d 835, 839—40 (Fla.2008) (movants are entitled to relief on such claims when they allege and prove three factors: “(1) counsel failed to convey a plea offer or misinformed the defendant concerning the possible sentence he faced, (2) the defendant would have accepted the plea but for counsel’s failures, and (3) acceptance of the plea would have resulted in a lesser sentence than was ultimately imposed”). In Sirota v. State, 95 So.3d 313 (Fla. 4th DCA 2012), this court considered Morgan’s continued viability in light of two recent decisions from the United States Supreme Court. Id. at 315 (citing Lafler v. Cooper, — U.S. -, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); Missouri v. Frye, — U.S. -, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012)).
Sirota concluded that the claim remained cognizable, and certified to the Florida Supreme Court a question of great public importance regarding Morgan’s scope and application following those decisions which prescribe the minimum requirements of the Sixth Amendment as to these types of claims. Before Frye and Cooper, Florida held that “an inherent prejudice results from a defendant’s inability, due to counsel’s neglect, to make an informed decision whether to plea bargain, which exists independently of the objective viability of the actual offer.” Cottle v. State, 733 So.2d 963, 969 (Fla.1999). Siro-ta asked the Florida Supreme Court to address whether Cooper and Frye supersede Morgan and Cottle as to both the pleading requirement and the remedy.
*582 As we did in Sirota, we certify the following question of great public importance to the Florida Supreme Court:
DO THE DECISIONS IN LAFLER V COOPER, — U.S.-, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), AND MISSOURI V FRYE, — U.S. -, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), WHICH ESTABLISH THE MINIMUM REQUIREMENTS OF THE SIXTH AMENDMENT, SUPERSEDE THE DECISIONS IN MORGAN V. STATE, 991 So.2d 835 (Fla.2008), AND COTTLE V. STATE, 733 So.2d 963, 969 (Fla.1999), AS TO THE PLEADING REQUIREMENTS AND REMEDY FOR AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM REGARDING A LOST PLEA OFFER? IF SO, ARE EVIDENTIARY HEARINGS ON SUCH CLAIMS LIMITED TO CIRCUMSTANCES INVOLVING “FORMAL PLEA OFFERS,” THAT IS, VERIFIABLE OFFERS THAT ARE EITHER IN WRITING OR MADE ON THE RECORD IN OPEN COURT?
95 So.3d at 321.
Based on the foregoing, we remand the case to the trial court to conduct an evi-dentiary hearing to resolve the two claims discussed. We affirm the denial of Hernandez’s other claim without discussion.

Affirmed in fart, reversed in fart, and remanded for further froceedings. Question certified.

STEVENSON, TAYLOR and GERBER, JJ., concur.