# Third District Court of Appeal

## State of Florida

Opinion filed September 24, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-559
Lower Tribunal No. 05-35962B

_____

**Devin J. Robinson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Devin J. Robinson, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and LAGOA and EMAS, JJ.

EMAS, J.

Devin Robinson appeals from the trial court's summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without further discussion the trial court's denial of claims Three and Four as listed in Mr. Robinson's motion. However, we reverse as to Claims One and Two, which allege that defense counsel provided ineffective assistance during the probation violation hearing by failing to call a witness who would have undermined the State's wholly circumstantial case; and by misadvising Mr. Robinson regarding his opportunity to testify at the hearing and interfering with his right to testify in his own defense.

In 2006, Mr. Robinson was placed on probation for robbery. In 2012, he was charged with violating his probation. The affidavit of violation of probation alleged that he burglarized a house and stole two tire rims as well as a truck parked in the driveway of the house. It was further alleged that, when the truck was recovered, the tire rims were found inside the truck. The evidence presented at the probation violation hearing was wholly circumstantial. In fact, the sole evidence linking Mr. Robinson to these allegations were three partial fingerprints—one partial fingerprint found on the door handle of the truck, and two partial fingerprints found on the rims located inside the truck. No fingerprints belonging to Mr. Robinson were found at the house. At the conclusion of the hearing, the trial court found the State proved Mr. Robinson had violated his probation by

committing the crime of grand theft of the truck and the rims, but found the State had not proven he violated his probation by committing the burglary. The court revoked Mr. Robinson's probation and sentenced him to fifteen years in prison. On direct appeal, we affirmed. See Robinson v. State, 137 So. 3d 1169 (Fla. 3d DCA 2014).

Mr. Robinson filed a timely motion pursuant to Florida Rule of Criminal Procedure 3.850. We limit our discussion to Claims One and Two of that motion, which are interrelated and involve testimony which Mr. Robinson asserts would have fully rebutted the circumstantial evidence presented at the hearing. The sworn allegations of the motion are not conclusively refuted by the record provided[1] and the trial court (and this reviewing court) must therefore accept them as true. Ford v. State, 825 So. 2d 358 (Fla. 2002). The motion averred the following:

**Claim One: Failure to Call Exculpatory Witness**

---

[1] The order below contains no record attachments and the trial court, without further elaboration (and without distinguishing among the various individual claims), summarily denied all claims as procedurally barred and legally insufficient. In its written response to Mr. Robinson's motion below, the State contended that these claims should have been raised on direct appeal and were therefore procedurally barred, and offered no further argument regarding the claims' legal sufficiency. On appeal, the State now properly concedes that these claims were not procedurally barred and that the trial court erred in making such a determination. See generally, Bruno v. State, 807 So. 2d 55 (Fla. 2001). Nonetheless, the State maintains that the claims must fail as they are legally insufficient to meet the deficient performance or prejudice prongs under Strickland v. Washington, 466 U.S. 668 (1984).

3

In preparation for the probation violation hearing, Mr. Robinson advised his attorney that the owner of the truck (Kelly Sejour) should be called as a witness at the hearing. Mr. Robinson advised his attorney that Mr. Sejour would testify that he (Mr. Sejour) showed the tire rims to Mr. Robinson and attempted to sell those rims to Mr. Robinson days before the burglary and the theft of the truck. Mr. Robinson further alleges that Mr. Sejour came to defense counsel's office and met with counsel. During that meeting, Mr. Sejour told defense counsel that Mr. Robinson had come to Mr. Sejour's house (prior to the burglary and theft) because Mr. Robinson was interested in buying some rims that Mr. Sejour was selling. Mr. Sejour stated that when Mr. Robinson arrived, the rims were located inside Mr. Sejour's truck and Mr. Robinson went into Mr. Sejour's truck to inspect the rims to determine their condition and value.

Mr. Robinson's contends that this testimony by Mr. Sejour would explain why Mr. Robinson's fingerprints were later found on the door handle of the truck and on the rims inside the truck. However, Mr. Sejour was not called by the State or the defense to testify at the probation violation hearing.

Where a defendant has pleaded a legally sufficient postconviction claim of ineffective assistance for failure of defense counsel to investigate or call available exculpatory witnesses, the trial court must either grant an evidentiary hearing or enter an order denying relief with record attachments conclusively refuting the

4

claim.  See Jackson v. State, 711 So. 2d 1371 (Fla. 4th DCA 1998); Hatten v. State, 698 So. 2d 899 (Fla. 5th DCA 1997); Edwards v. State, 652 So. 2d 1276 (Fla. 5th DCA 1995).  It is generally inappropriate to summarily deny such claims upon a finding that counsel's decision was tactical or strategic. See e.g., Williams v. State, 642 So. 2d 67 (Fla. 1st DCA 1994) and cases cited therein.

## Claim Two: Misadvice and Interference with Right to Testify

Mr. Robinson told his attorney that he wanted to testify on his own behalf at the probation violation hearing, to explain the circumstances which led to the presence of his fingerprints on the door handle of the truck and on the rims found inside the truck.    Trial counsel advised Mr. Robinson that, after the State presented its evidence, the trial court would inquire of Mr. Robinson if he wished to testify, and at that point Mr. Robinson would have the opportunity to testify in his own defense.  As it turned out, after the State presented its evidence, the trial court did not question or colloquy Mr. Robinson[2], but merely asked trial counsel: "Mr. [Alex] Michaels, [do] you have any witnesses?"  to which defense counsel

[2] We recognize there is no requirement that the court conduct an on-the-record colloquy of the defendant waiving his right to testify.  State v. Medina, 118 So. 3d 944 (Fla. 3d DCA 2013). The Florida Supreme Court has, nevertheless, recommended such a colloquy to avoid collateral claims of the very kind raised in the instant case.  See Gonzalez v. State, 990 So. 2d 1017, 1031 (Fla. 2008) (citing Torres-Arboledo v. State, 524 So. 2d 403, 411 n.2 (Fla. 1988)). More to the point, however, Mr. Robinson's claim is not that the *trial court* failed to permit him to testify, but rather that *trial counsel* misadvised him and failed to ensure his right to testify in his own defense and, in doing so, rendered ineffective assistance of counsel.

replied "no." Mr. Robinson alleged that the actions and misadvice of counsel interfered with and ultimately prevented Mr. Robinson from testifying in his own defense. Further, Mr. Robinson averred that, if he had been permitted to testify, he would have explained how his fingerprints came to be found on the door handle of the stolen vehicle and on the two rims found inside the vehicle. Mr. Robinson's testimony, as alleged in the motion, was consistent with that of Mr. Sejour's proffered testimony, as detailed earlier.

The allegations contained in Claims One and Two of the motion, if established at an evidentiary hearing, would have explained the presence of Mr. Robinson's fingerprints, which represented the sole evidence linking him to the theft of the truck and the rims. These allegations are legally sufficient to satisfy the deficient performance and prejudice prongs of Strickland.

Based upon the sworn allegations set forth in claims One and Two of the motion, and in the absence of any record attachments to conclusively refute them, we hold that Mr. Robinson has pleaded a facially sufficient claim of deficient performance and prejudice, entitling him to an evidentiary hearing. See Fla. R. App. P. 9.141(b)(2)(D) (providing that, on appeal from a summary denial of a rule 3.850 motion for postconviction relief under rule 3.850, "unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.")

6

See Oisorio v. State, 676 So. 2d 1363 (Fla. 1996)(defense counsel's misadvice or interference with client's right to testify in his own defense can constitute a legally sufficient claim of ineffective assistance under Strickland); Ferrer v. State, 2 So. 3d 1111 (Fla. 4th DCA 2009)(same). See also Ford, 825 So. 2d at 361 (sufficiently-pleaded claim of ineffective assistance for failure to call exculpatory witness requires evidentiary hearing in absence of record attachments conclusively refuting claim); Jackson, 711 So. 2d at 1372 (same). The trial court erred in denying these claims as procedurally barred and legally insufficient. We therefore reverse and remand for the trial court to hold an evidentiary hearing on these claims or to enter an order denying the motion with record attachments that conclusively refute these claims.

We affirm the trial court's order as to the remaining claims in the motion for postconviction relief.

Affirmed in part, reversed in part and remanded with directions.