PER CURIAM.
James Brandon Smith appeals the trial court's orders summarily denying his motions for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial on all grounds except the portion of ground four of the rule 3.850 motion filed on September 2, 2015. In that motion, Smith alleged that his trial counsel was ineffective for failing to call his co-defendant, Calvin J. Tucker, as a witness at trial. Smith argues that if Tucker had been called as a witness in Smith's trial, Tucker would have said that Smith was not involved in the commission of the crime and only stated otherwise to obtain a favorable plea from the State. The trial court summarily denied this claim, finding that it lacked merit. Specifically, the court found that the motion to correct an illegal sentence filed by Tucker refuted Smith's claim that Tucker would have testified that Smith was not involved in the crime.
However, Tucker's rule 3.800(a) motion does not conclusively refute Smith's claim. Contrary to the trial court's finding, the motion does not discuss or even mention Smith's involvement in the robbery. Even if Tucker had discussed Smith's involvement in the crime in his motion to correct illegal sentence, at best this fact would create a factual dispute that would have to be resolved by an evidentiary hearing. Based upon the limited record, it cannot conclusively be said that Tucker's purported testimony would not have changed the outcome of the proceeding. Accordingly, this limited portion of ground four is reversed *708 and remanded for the trial court to attach additional documents that would conclusively refute the claim or to hold an evidentiary hearing. See, e.g., Ford v. State, 825 So.2d 358, 361 (Fla. 2002). In all other respects, the order denying Smith's motion for postconviction relief is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED.
EVANDER, LAMBERT, and HARRIS, JJ., concur.