# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-1888
Lower Tribunal No. F14-24825B

————————————

**Nathan Curry,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

MHK Legal, PLLC., and Mark H. Klein (Coral Springs), for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SCALES, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Nathan Curry, challenges the summary denial of his amended motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised nine claims. We affirm without discussion the trial court's denial of claims two, three, six, seven, eight, and nine. We further conclude, however, that claims one, four, and five merit an evidentiary hearing. These three claims allege, respectively: (1) defense counsel provided ineffective assistance of counsel during the trial by failing to call a witness who would have undermined the credibility of a critical prosecutorial witness; (2) defense counsel provided ineffective assistance of counsel in failing to order a competency evaluation; and (3) the State withheld favorable, material video evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963) and knowingly presented perjured testimony in violation of Giglio v. United States, 405 U.S. 150 (1972). Each of these claims is legally sufficient and not refuted by the record attachments. See Hatten v. State, 698 So. 2d 899, 900 (Fla. 5th DCA 1997) ("[A] claim that trial counsel failed to investigate or call exculpatory witnesses was facially sufficient and must either be refuted by attachments or an evidentiary hearing held."); Jackson v. State, 711 So. 2d 1371, 1372 (Fla. 4th DCA 1998) (holding that failure to call witnesses may be ineffective assistance of counsel if witnesses' testimony may have cast doubt on defendant's guilt); Williams v. State, 46

So. 3d 118, 118–19 (Fla. 1st DCA 2010) (holding claim that counsel was ineffective for failing to adequately investigate defendant's mental health was facially sufficient where defendant alleged a history of mental health issues, including severe depression and insomnia, for which he was taking multiple medications that affected competency); Jackson v. State, 29 So. 3d 1161, 1162 (Fla. 1st DCA 2010) (holding claim that counsel was ineffective for failing to investigate competency or request competency hearing was facially sufficient where defendant alleged long history of mental illness, had not taken medications, and was suffering from delusions and hearing voices at time of plea). Accordingly, we affirm the denial of claims two, three, six, seven, eight, and nine and reverse and remand claims one, four, and five for an evidentiary hearing.

Affirmed in part, reversed in part, and remanded.