PER CURIAM.
Richard Jackson appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Although the trial court reached the correct result, it stated an incorrect reason for denying Jackson’s claim that his trial counsel was ineffective for coercing him into not testifying. Jackson alleged that prior to trial and until the State rested, his counsel advised him that his testimony was critical and counsel prepared him to testify. After the State rested, his counsel advised him that *15 the State had not met its burden of proof and that if Jackson did not testify, he would have the benefit of the final opportunity to address the jury during closing arguments. Based on this advice, Jackson decided not to testify.
The order denying the motion states that Jackson “admits in his motion that his counsel advised him of the advantage of not testifying and having a double closing argument” and that he “has failed to show how he was coerced, how his counsel’s performance was deficient, and that he was prejudiced by this deficiency.” Jackson’s allegations are sufficient to show that counsel’s performance was deficient because, contrary to what Jackson claims his counsel told him, his testimony would not affect his right to first and last closing arguments. See Fla. R.Crim. P. 3.250 (“a defendant offering no testimony in his or her own behalf, except the defendant’s own, shall be entitled to the concluding argument before the jury”) (emphasis, added). However, because Jackson failed to show that the deficient performance prejudiced the defense, the trial court reached the correct result. Oisorio v. State, 676 So.2d 1363, 1365 (Fla.1996).
Affirmed.
FULMER, A.C.J., and QUINCE and NORTHCUTT, JJ., concur.