712 So.2d 1167 (1998)
Kenneth James KEGLER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00244.
District Court of Appeal of Florida, Second District.
June 12, 1998.
*1168 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Davis G. Anderson Jr., Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Kenneth James Kegler appeals the order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Of the six grounds for relief asserted in the motion, Kegler seeks review of the trial court's rejection of two of those grounds, which were based on trial counsel's failure to impeach two crucial state witnesses. We agree that counsel's failure at trial to impeach one of those witnesses, Victor Caraballo, satisfies the test of ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and requires reversal for a new trial.
Caraballo's testimony at trial regarding the shooting of the victim contradicted his statements to police, which are contained in the interviewing officer's police report and deposition, on the night of the murder. At trial, Caraballo testified that he was with the victim at a specified location and that he saw Kegler shoot the victim when the victim confronted Kegler while he was robbing Caraballo. On the night of the murder, Caraballo told police that he had dropped the victim off earlier in the evening and, while he was driving around that night, he just happened to hear gunshots and see the victim running from two men. Caraballo could not describe the location of the shooting or the two men. A gunshot residue test of Caraballo's hands produced a positive result, and he was charged with the murder. However, five months later, after Sandra Thomas came forward and identified the murder weapon and implicated Kegler, Caraballo was able to pick Kegler's photo out of a photopak and also implicate him. Up to that point, neither Thomas's nor Kegler's names had come up in the investigation of the murder. The charges against Caraballo were dropped and an indictment was filed against Kegler charging him with first degree murder and armed robbery. Following two mistrials[1], Kegler was convicted of these offenses at a third jury trial.
An ineffective assistance of counsel claim consists of a performance component and a prejudice component. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. The performance component requires a showing by the defendant that counsel's performance was not reasonable under the circumstances. Id. at 688, 104 S.Ct. 2052. The prejudice component requires a showing by the defendant that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052.
Trial counsel's failure to impeach Caraballo with the statements he made on *1169 the night of the murder was not reasonable under the circumstances of this case. Caraballo did not mention Kegler or the version of events he testified to at trial until Sandra Thomas came forward five months after the murder. Up until that time, he asserted that two men who he could not identify had shot the victim. This is a significant contradiction in Caraballo's position. There is a reasonable probability that the result of Kegler's trial would have been different but for counsel's failure to bring this information to the jury's attention.
Accordingly, we reverse Kegler's convictions and remand for a new trial.
PATTERSON, A.C.J., and BLUE, J., concur.
NOTES
[1] Each mistrial was the result of a hung jury.