PER CURIAM.
Tommy Lee Peals appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the portion of the trial court’s order that addresses Peals’ claim that his trial counsel was ineffective for failing to investigate and discover information from medical personnel concerning the results of the victim’s toxicology reports. We affirm the balance of the order without discussion.
Peals was convicted of aggravated battery. He alleges that his trial counsel was ineffective for failing to investigate, discover information, and depose medical personnel regarding the results of the victim’s toxicology reports. The trial court denied relief on the ground that the victim testified at trial she was intoxicated when the battery was committed. The trial court concluded that testimony as to the victim’s intoxication by medical personnel would have been cumulative and that the failure to present cumulative testimony did not constitute ineffective assistance of counsel. Given the unique circumstances of this case, we disagree.
The victim initially told police that Peals attacked her for no reason. At trial, the victim testified that she was intoxicated and was the aggressor. Further, the victim testified that she lied to the police because she was angry with Peals. The portions of the record attached to the trial court’s order show that the victim was the only witness to testify at trial about her intoxication. Because the victim admitted at trial that she lied, the jury may have been disinclined to believe her testimony. Peals, who asserted self-defense, may have been prejudiced by counsel’s failure to corroborate her testimony concerning her intoxication with the testimony of medical personnel. Cf. Kegler v. State, 712 So.2d 1167 (Fla. 2d DCA 1998) (holding in rule 3.850 proceeding that trial counsel s failure to impeach witness with statements he made on night of murder was not reasonable under the circumstances). Accordingly, the trial court is directed to reconsider this claim and either attach portions of the record that conclusively refute it or conduct an evidentiary hearing on it.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and WHATLEY and STRINGER, JJ„ Concur.