773 So.2d 78 (2000)
Sebastian C. EVERHART, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4837.
District Court of Appeal of Florida, Second District.
March 31, 2000.
*79 PER CURIAM.
Sebastian C. Everhart appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We find merit in only one of his claims and reverse as to that one. We affirm the trial court's denial of Everhart's other claims without discussion.
Everhart was convicted of burglary after a jury trial. It appears that his only defense was that he had permission to enter the apartment that he was charged with burglarizing.[1] According to the record before this court, the woman who lived in the apartment, Carlisa Ford, testified on Everhart's behalf that he had her consent to enter the apartment. The State impeached Ford with prior statements that she allegedly made to the police which were inconsistent with her testimony at trial. A police officer also testified that Everhart admitted to him that prior to the burglary he had been told not to come around the apartment anymore.
Everhart alleges that counsel interfered with his right to testify by erroneously informing him that if he testified, the jury would automatically be told of the specific nature of his prior convictions. If counsel told him this, it would be an incorrect statement of the law, see Britton v. State, 604 So.2d 1288 (Fla. 2d DCA 1992), and would constitute deficient performance by counsel sufficient to require relief, provided that Everhart can show that he was prejudiced. See Jackson v. State, 700 So.2d 14 (Fla. 2d DCA 1997).
Everhart goes on to allege that, but for this incorrect advice, he would have testified. He asserts that he would have told the jury that he did have permission to enter the apartment, that the officer mischaracterized his statement, and that he told the officer that Ford had asked him not to come back to the apartment until the following day, which was when the burglary occurred. Based on the record before us, it appears that the issue of whether Everhart had consent to enter the apartment was disputed and that the resolution of it turned on a credibility determination. Under these circumstances, we believe that Everhart has adequately shown prejudice.
The trial court apparently determined that the claim was facially sufficient, because it reached the claim on its merits and found that it was conclusively refuted by the record. The trial court relied on a colloquy that occurred between the court and Everhart at trial. Before Everhart rested his case, the court inquired of him personally whether he wished to testify and advised him that if he did, the state *80 attorney "could get into how many previous felonies or any previous crimes involving dishonesty that he could bring before the jury."
In denying relief on this claim, the trial court found that this brief colloquy adequately advised Everhart that as long as he told the truth about the number of his prior convictions, the jury would hear only the number and not the specific nature of them. We disagree. The statement by the trial court only reinforced the fact that the jury would learn of the previous crimes; it did nothing to dispel Everhart's erroneous belief that the jury would learn of the specific nature of the crimes. See, e.g., Johnson v. State, 736 So.2d 713 (Fla. 2d DCA 1999) (holding that plea colloquy in which defendant acknowledged that the maximum sentence that could be imposed was thirty years' prison did not conclusively refute his claim that counsel erroneously advised him that if he was convicted after trial the court would be legally required to impose the maximum thirty-year sentence). Because the record does not refute Everhart's claim, we reverse and remand for an evidentiary hearing on this issue.
Affirmed in part; reversed in part; and remanded.
PARKER, A.C.J., and FULMER and CASANUEVA, JJ., Concur.
NOTES
[1] Consent to enter the premises is an affirmative defense to burglary. See Robertson v. State, 699 So.2d 1343 (Fla.1997).