793 So.2d 137 (2001)
Earon L. TYLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3031.
District Court of Appeal of Florida, Second District.
August 22, 2001.
*140 CAMPBELL, MONTEREY, (Senior) Judge.
Earon L. Tyler appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Tyler was found guilty of first-degree murder and attempted robbery with a firearm. He was sentenced to life in prison on the murder conviction and received a sentence of five years in prison for the attempted robbery conviction. He filed a timely postconviction motion in the circuit court alleging that his trial counsel was ineffective. We reverse the trial court's ruling as to the first two grounds and reverse in part the remaining two grounds.[1]
Tyler first claims that he received ineffective assistance of counsel because his trial counsel failed to investigate two witnesses who had information that would have supported his defense. This case involves a robbery and murder at a grocery store where one of the owners of the store was fatally shot and Tyler received a nonfatal gunshot wound. According to the record, two black male assailants entered the store, at least one of them carrying a firearm and one of them wearing a mask. One of the assailants demanded cash from the owners of the store, after which, one owner, Enrique Hernandez, pulled out a gun. Hernandez and one of the assailants exchanged gunfire which resulted in the death of Hernandez and a gunshot wound to Tyler. Tyler, who is also a black male, was found lying on the floor in the store and was subsequently treated by emergency medical technicians. Some of the witnesses that testified at trial, whose testimony conflicted in several ways, stated the person found lying shot on the floor was the same person who entered the store wearing a mask. It is unclear whether during the trial any of the witnesses identified Tyler as the shooter.
It appears that Tyler's defense was that he was not a participant in the robbery or shooting at the store, but that he was inadvertently shot after entering the store to get a soda. He stated in his motion that on the day of the shooting he helped another individual, Elvis Maybel, fix his car and then went to the store to get a drink. Maybel testified at trial and corroborated this account. Tyler further stated that while in the store, gunfire erupted and he was unintentionally shot.
Tyler stated that there were two witnesses, Michell Blanding and William *141 Williams, who could have corroborated his theory of defense. Neither Blanding nor Williams were called to testify. Tyler asserted that had they testified, they would have said that they were across the street from the store and saw Tyler enter the store, alone. A short time later they saw two black males leave the store together, hurry into a car, and speed away. In conclusion, Blanding and Williams would have testified that Tyler did not enter the store with the two black males and he did not leave with them. Tyler stated that he discussed these witnesses with his attorney prior to trial and provided him with their names and addresses, but his attorney did not contact them or call them to testify on his behalf.
The trial court denied this claim on two grounds. First, the court stated that because Tyler did not allege that the witnesses were available to testify, he had stated an insufficient claim. Second, the court stated that because Tyler used qualifying terms to describe the witnesses and their potential testimony, such as they were "possible exculpatory witnesses" and that they "possibly" had some information that would have helped Tyler's defense, the claim was insufficient.
A claim of ineffective assistance of counsel based on counsel's failure to investigate witnesses must include: (1) the appellant's identification of the witness, or witnesses, who would have testified; (2) the substance of the witness's testimony; and, (3) a description of the prejudice suffered due to the omission of the witness's testimony at trial. Odom v. State, 770 So.2d 195, 197 (Fla. 2d DCA 2000). There is no requirement that the appellant allege that the witness was available to testify in order to state a sufficient claim. Id.
In this case, Tyler has met the required test. Tyler stated in his motion the witnesses' names and addresses, as well as the detailed substance of their testimony that would have corroborated his theory of defense. Absolute certainty regarding potential testimony is not required in order to state a facially sufficient claim.
Additionally, if what Tyler asserted in his motion is true, the prejudice suffered from not calling the witnesses is clear. Blanding and Williams would have testified that Tyler entered the store alone and that Tyler was not with the pair who exited and fled the store. When this testimony is considered in light of Tyler's assertion that there was no direct physical evidence linking him to the offense, his participation in the fatal robbery is placed into doubt. Therefore, we reverse and remand for an evidentiary hearing on this claim.
Tyler next claims that his attorney interfered with his right to testify in two ways. First, he claims his attorney told him that if he testified in his trial the jury would learn the nature of his past crimes, even charges of which he had been acquitted. Second, Tyler states that when he discussed testifying with his attorney, including the substance of the testimony he wanted to provide, his attorney threatened to withdraw from his case. The court denied this claim stating that the colloquy that occurred between the court and Tyler refuted Tyler's claim and showed that he freely and voluntarily waived his right to testify.
Where counsel incorrectly informs a defendant regarding the use of prior convictions as impeachment, specifically, that upon testifying the jury will hear the specific nature of the prior convictions, and the defendant shows that because of the misinformation he did not testify, he has satisfied the deficient performance prong of an ineffective assistance of counsel claim. Everhart v. State, 773 So.2d 78, 79 (Fla. 2d DCA 2000). Furthermore, *142 if an attorney threatens to withdraw in the event his client testifies on his own behalf, and the defendant's will is over-borne to the extent that he does not take the stand, the performance prong of a claim for ineffective assistance of counsel is established. See Lynn v. State, 645 So.2d 104, 105 (Fla. 2d DCA 1994). A defendant must also show how he was prejudiced by the deficient performance to be entitled to postconviction relief.
In this case, Tyler has asserted a facially sufficient claim which is not refuted by the colloquy attached to the trial court's order. Based on the record presented, Tyler has sufficiently shown that if he had testified at trial, the outcome of the trial may have been different. Tyler alleges that he would have testified that he did not make the confession that medical technician Osterhout claims he made. He also states that he would have testified that he did not rob the store, that he just walked into the store and got shot. This testimony would have shed doubt on the existence of his alleged confession and would have provided evidence that he was not a participant in the robbery, but instead was an unintended victim. Therefore, he has established the prejudice prong of an ineffective assistance of counsel claim.
If Tyler's counsel provided misinformation regarding the use of prior convictions or threatened him with withdrawal as alleged, Tyler has satisfied the performance prong. Therefore, because the colloquy conducted by the trial court did not address Tyler's claim that his attorney incorrectly advised him regarding the use of prior convictions, we reverse and remand for an evidentiary hearing as to this portion of the claim.
Additionally, although the colloquy conducted by the court in this case indicates Tyler was asked whether he was waiving his right to testify freely and voluntarily, there was no inquiry of Tyler regarding whether he had been threatened or coerced in any way. The colloquy does not conclusively refute Tyler's assertion that his attorney threatened to withdraw if he testified, therefore, we reverse and remand for an evidentiary hearing as to this part as well.
As to his third ground for relief, Tyler asserts that his counsel was ineffective for waiving his presence at pretrial conferences and at a deposition to perpetuate testimony taken pursuant to rule 3.190(j). He states he was prejudiced because had he been at the deposition he would have discussed with his attorney areas of cross-examination that would have identified conflicts between the testimony of the deposed witness and other witnesses which, if highlighted, would have supported his defense.
The deposition occurred pursuant to the State's motion to take a deposition to perpetuate the testimony of medical technician Osterhout, who arrived at the scene of the store shooting and treated Tyler for his wound. According to Tyler, Osterhout testified in his deposition that Tyler made an admission to him while the two were alone in the back of the ambulance. Osterhout claimed that Tyler told him he was shot because he robbed the store. Osterhout's testimony, which was played for the jury at trial, if left unrebutted, is clearly damaging to Tyler's case.
Nevertheless, Tyler stated that another medical technician, David Dixon, was also present at the scene and his account of events contradicted that of Osterhout. Tyler's counsel did not call Dixon to testify, but according to Tyler, Dixon stated in a deposition given prior to trial that he was in the back of the ambulance with Tyler and Osterhout, that Tyler was vomiting, and that Tyler did not say anything coherent. *143 Therefore, if this testimony indeed exists, Dixon's testimony would cast doubt on the credibility of the alleged confession and would aid Tyler's defense.
The trial court denied this claim on four bases: (1) Tyler was not prejudiced; (2) his attorney conducted a thorough cross-examination of Osterhout; (3) Tyler did not claim he failed to receive notice of the deposition or that a custodian failed to transport him to the deposition; and, (4) his attorney's waiver of his presence was valid.
The applicable law in this case makes it clear that the defendant's presence is required at a deposition to perpetuate testimony and in the event the defendant is in custody, it is the custodian's duty to produce him at the deposition. Rule 3.190(j)(3) states:
If the deposition is taken on the application of the state, the defendant and the defendant's attorney shall be given reasonable notice of the time and place set for the deposition. The officer having custody of the defendant shall be notified of the time and place and shall produce the defendant at the examination and keep the defendant in the presence of the witness during the examination.
(Emphasis added). Failing adherence to this statute, testimony of a deposed witness will not be admitted at trial for substantive purposes. Brown v. State, 471 So.2d 6, 7 (Fla.1985).
Because this is a postconviction motion and not a direct appeal, Tyler must show that his attorney's performance was not "reasonable considering all the circumstances." Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In addition, Tyler must show he was prejudiced. Id. at 693, 104 S.Ct. 2052. Prejudice is established where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. Tyler has fulfilled this duty.
Because every individual has a "right to be present at essential stages" of his trial, an attorney may only waive his client's presence at such proceedings when the record shows the defendant made a knowing, intelligent, and voluntary waiver of this right. Savino v. State, 555 So.2d 1237, 1238 (Fla. 4th DCA 1989). Furthermore, the defendant's silence, alone, does not indicate a waiver of this right. Francis v. State, 413 So.2d 1175, 1178 (Fla. 1982).
In this case, Tyler asserted that he informed his attorney that he wanted to be present for all proceedings and he in no way agreed to waive his presence at the deposition of Osterhout. Therefore, in the absence of information to the contrary, his attorney's waiver of his presence was not reasonable under the circumstances.
Additionally, Tyler has sufficiently alleged prejudice. The failure of Tyler's counsel to cross-examine Osterhout regarding Dixon's version of events leaves Osterhout's testimony on solid ground and his statements regarding Tyler's alleged confession intact. Tyler alleged that had he been present during the deposition to confer with his attorney he would have urged his attorney to question Osterhout differently. Specifically, Tyler stated he would have requested that his attorney cross-examine Osterhout regarding the fact that Dixon claimed he was in the back of the ambulance with Tyler and Osterhout, and at the time, Tyler was vomiting and incoherent. These facts are important because they indicate that Tyler was in a condition which would have made it very difficult to confess.
*144 The decision not to cross-examine a witness regarding certain areas may be strategic. Therefore, in this case, had Tyler's counsel called Dixon as a witness to impeach Osterhout, Tyler might not have been prejudiced by his counsel's failure to ask Osterhout about the alleged inconsistencies with Dixon's account of events. Since that did not occur, we cannot say Tyler was not prejudiced by his counsel's failure to fully cross-examine Osterhout. Therefore, we reverse the trial court's denial of this claim and remand for an evidentiary hearing as the record attachments do not conclusively refute Tyler's claim. Since Tyler did not assert how he was prejudiced by his absence at pretrial conferences, we affirm the trial court's ruling as to that part.
As his last ground for relief, which is related to ground three, Tyler alleges he was rendered ineffective assistance of counsel due to his counsel's failure, at trial, to cross-examine or impeach the testimony of Osterhout with the testimony of Dixon or medical technician Platt. The trial court denied this claim stating that the alleged testimony of Dixon would not have been inconsistent with the testimony of Osterhout, and there were no facts showing that Platt's testimony would have been favorable to the defense. We reverse the court's ruling as to Dixon, and affirm as to Platt.
It is clear that where the record does not indicate otherwise, trial counsel's failure to impeach a key witness with inconsistencies constitutes ineffective assistance of counsel and warrants relief. Richardson v. State, 617 So.2d 801, 803 (Fla. 2d DCA 1993); Kegler v. State, 712 So.2d 1167, 1168 (Fla. 2d DCA 1998). As stated previously, Osterhout was a key witness for the State. The accounts of the witnesses to the shooting were inconsistent according to Tyler and arguably did not establish a credible identification of the shooter. Therefore, Osterhout's testimony regarding Tyler's alleged confession was central to the State's case and the impeachment of his testimony was essential to Tyler's defense. Testimony that Tyler was vomiting and incoherent in the back of the ambulance, where the confession allegedly took place, would have been important to Tyler's case. Thus, trial counsel's failure to impeach Osterhout's testimony on cross-examination or by calling Dixon to testify was not reasonable and it prejudiced Tyler's defense. We therefore reverse and remand for an evidentiary hearing since the record provided does not conclusively refute this claim.
Regarding Platt, because Tyler has not provided the substance of her testimony that would have benefitted his defense, he has not stated a facially sufficient claim of ineffective assistance of counsel and we affirm the trial court's ruling as to this part of his claim.
Affirmed in part, reversed in part, and remanded.
FULMER, A.C.J., and GREEN, J., Concur.
NOTES
[1] Tyler asserted additional grounds in his initial motion for postconviction relief. We do not address those grounds in this opinion as he affirmatively abandoned them on appeal.