901 So.2d 180 (2005)
Gary Paul BELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-245.
District Court of Appeal of Florida, Third District.
March 23, 2005.
Rehearing Denied May 11, 2005.
Gary Paul Bell, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, FLETCHER and WELLS, JJ.
PER CURIAM.
Gary Paul Bell appeals two orders denying motions for postconviction relief. We affirm in part and reverse in part.
With regard to the trial court order dated August 25, 2004, which summarily denied the motion of defendant-appellant for postconviction relief, we reverse as to grounds one, two, and three of the motion and remand for an evidentiary hearing. As to the first ground, defendant-appellant Bell's sworn motion asserts affirmative misadvice of trial counsel that if he testified in his own defense, the prosecution would be able to place before the jury the exact nature of the offenses of which he had previously been convicted. As a general proposition, such advice (if given) would have been incorrect under the Evidence Code. See Charles W. Ehrhardt, Florida Evidence § 610.6, at 540 (2004 ed.); Fotopoulos v. State, 608 So.2d 784, 791 (Fla.1992); Hierro v. State, 608 So.2d 912, 914 (Fla. 3d DCA 1992); Britton v. State, 604 So.2d 1288, 1290 (Fla. 2d DCA 1992); see also Jacobs v. State, 880 So.2d 548, 554 (Fla.2004). The State's trial court response indicated that by reason of the defendant's previous testimony at his bond hearing, somehow the State would be able *181 to explore the nature of the prior convictions if he took the stand at trial. The State's logic is not apparent to us, but if there is an evidentiary analysis that we have overlooked, the State may make that argument on remand.
In ground two the defendant argues that trial counsel failed to call certain alibi witnesses at trial. In ground three, the defendant argues that trial counsel failed to call another witness who would have supported the defendant's defense of mistaken identity. The defendant was arrested two months after the crime. He claims that he was mistaken for another person who lived in his neighborhood. The State's trial court response indicated that the defendant did not timely identify these proposed witnesses to his trial counsel. The defendant's sworn motion asserts that he did, in fact, advise counsel of these matters long before the trial. Since the record does not conclusively refute the defendant's claim, we remand for an evidentiary hearing on these points as well. See Fla. R.App. P. 9.141(b)(2)(D)("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or appropriate relief."); see also Jacobs v. State, 880 So.2d at 554-56.
The defendant claims that his twenty-year sentence for attempted kidnapping with a firearm exceeds the legal maximum. The trial court correctly rejected that claim. The offense is a first degree felony. The defendant argues that the offense of attempted kidnapping is a second degree felony, but the defendant has overlooked the fact that the offense was subject to enhancement because of the use of a firearm. See §§ 787.01(2), 777.04, 775.087, Fla. Stat. (1999). We affirm the trial court's denial of relief on this issue, and on the remaining issues contained in the defendant's first Rule 3.850 motion.
The defendant filed a subsequent Rule 3.850 motion which the trial court denied on January 3, 2005. In that motion the defendant argued that his sentence violates the rule outlined in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The trial court correctly denied the motion. There is no Apprendi violation. The defendant in this case was sentenced within the statutory maximum. See Apprendi, 530 U.S. at 490, 120 S.Ct. 2348.
The defendant also argued that he is entitled to relief under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because he was sentenced above the sentencing guideline recommendation. Here, too, the trial court correctly denied relief. The decision in Blakely does not apply retroactively to cases on collateral appeal. Williams v. State, 888 So.2d 755 (Fla. 3d DCA 2004); Burgal v. State, 888 So.2d 702 (Fla. 3d DCA 2004).
For the stated reasons, we affirm the order dated January 3, 2005, in its entirety. With regard to the order dated August 25, 2004, we affirm in part, reverse in part, and remand for further proceedings consistent herewith.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.