PER CURIAM.
Manuel Rodriguez appeals the denial of his motions for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Defendant-appellant Rodriguez was convicted of burglary of a conveyance. His conviction was affirmed on appeal. See Rodriguez v. State, 827 So.2d 1005 (Fla. 3d DCA 2002).
The defendant filed a timely motion for postconviction relief (“First Motion”). He filed a voluntary dismissal of the motion. The trial court overlooked the voluntary dismissal and entered an order denying the First Motion. The defendant appealed.
The defendant filed a second motion for postconviction relief (“Second Motion”). The Second Motion was denied and the defendant has appealed. The appeals have been consolidated.
The State suggests that in view of the procedural history, the Second Motion is properly viewed as an amended version of the First Motion. We agree.
Upon consideration, we conclude that we must reverse the denial order with refer *956 ence to points five and six of the Second Motion and remand for an evidentiary hearing on those points only. On appeal from a summary denial of a Rule 3.850 motion, this court must reverse unless the postconviction record shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D).
In point five of the defendant’s sworn Second Motion defendant claims ineffective assistance of trial counsel. He claims that his attorney failed to call several witnesses at trial. He names several witnesses who he claims would testify that they dropped him off near the site of the burglarized vehicle. He maintains they would testify that he never entered the vehicle. This testimony would support the testimony of the defense witness who testified at trial, and contradict that of the police officer who testified at trial. As the present record does not conclusively refute the defendant’s claim, we remand for an evidentiary hearing. See Jacobs v. State, 880 So.2d 548, 553-54 (Fla.2004); Ford v. State, 825 So.2d 358, 360-62 (Fla.2002).
On point six of the Second Motion, the defendant claims that he was given affirmative misadviee by his counsel regarding the consequences if he chose to testify. He alleges that his counsel told him if he testified the State would be able to place the details of his prior criminal history before the jury. Since such advice, if it occurred, would be incorrect, the defendant is entitled to a hearing on that point. See Bell v. State, 901 So.2d 180 (Fla. 3d DCA 2005). The defendant also claims that his counsel threatened to withdraw if the defendant took the stand. That claim is also not refuted by the colloquy conducted during the trial, or otherwise refuted by the record now before us.
We affirm the denial of postconviction relief on the remaining points.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.