923 So.2d 541 (2006)
Joseph JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1942.
District Court of Appeal of Florida, Third District.
February 22, 2006.
*542 Bennett H. Brummer, Public Defender, and Gwendolyn Powell Braswell, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before GERSTEN, FLETCHER, and WELLS, JJ.
GERSTEN, Judge.
Joseph Johnson ("Johnson") appeals his conviction and sentence for burglary of an occupied dwelling and petit theft of a checkbook. He contends the trial court abused its discretion in allowing the State to cross-examine him on the specific nature of his prior convictions. We agree and reverse.
In this case, Johnson testified in his own defense. On direct examination, his attorney asked if he had ever been convicted. Johnson testified truthfully that he had been convicted ten times.
On cross examination, the State questioned Johnson about why he took the victim's checkbook. The State further inquired about whether Johnson intended to "cut" checks from the victim's checkbook. Johnson responded that "neither one of my convictions come from cutting checks."
The State requested a sidebar and argued that Johnson's testimony, that he would not have written a fraudulent check, opened the door to the State asking Johnson about the nature of his prior convictions, specifically his prior burglary convictions. The trial court agreed and allowed the State to ask Johnson, "what are your *543 convictions for?" Johnson responded, "I am not going to say that." After another side bar, the court allowed the State to ask Johnson, "you have been convicted of a burglary before, haven't you?" We find this to be reversible error.
Under section 90.610, Florida Statutes (2001), a party may attack the credibility of a witness by introducing evidence of a prior felony conviction. The general rule for impeachment by prior convictions is that the State is restricted to asking a witness if he or she has previously been convicted of a crime, and if so, the number of times. Fotopoulos v. State, 608 So.2d 784 (Fla.1992). An exception exists, however, when the witness attempts to mislead the jury about his prior convictions. In those circumstances, the State is entitled to inquire further about the prior convictions to dispel any false impression that may have been given. McCrae v. State, 395 So.2d 1145 (Fla.1980).
Johnson's testimony, however, does not fall under this exception. First, Johnson's testimony about "cutting checks" was not false or misleading. Second, Johnson's statement did not suggest that he had not committed a burglary. Therefore, it was error for the trial court to allow the prosecutor to inquire into Johnson's prior convictions for burglary. Livingston v. State, 682 So.2d 591 (Fla. 2d DCA 1996).
This error cannot be deemed harmless. Because Johnson was on trial for burglary, and because the prior convictions could have influenced the jury's decision, the error is reversible. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly, we reverse and remand for a new trial.
Reversed and remanded.