WARNER, J.
 

 We affirm the trial court’s order summarily denying appellant’s motion for postconviction relief on all grounds except one. As to that claim, he maintains that he was deprived of his right to testify because of his attorney’s misadvice that the state could impeach him with the facts and nature of his prior convictions.
 
 See Hope v. State,
 
 960 So.2d 912 (Fla. 4th DCA 2007);
 
 Tyler v. State,
 
 793 So.2d 137, 141 (Fla. 2d DCA 2001). We conclude that appellant’s motion is legally sufficient to state a claim on this ground on both the deficient performance and prejudice prongs of the
 
 Strickland
 
 test.
 
 See Oisorio v. State,
 
 676 So.2d 1363 (Fla.1996). We reverse for the trial court to conduct an evidentiary hearing on the issue or attach portions of the record conclusively refuting this claim.
 

 We affirm as to the other grounds raised. We specifically affirm the claim that counsel was deficient in failing to move to suppress appellant’s recorded conversation at the police station with his codefendant. The conversations were not the result of law enforcement deliberately fostering an expectation of privacy.
 
 See Larzelere v. State,
 
 676 So.2d 394, 405 (Fla.1996);
 
 Allen v. State,
 
 636 So.2d 494, 496-97 (Fla.1994);
 
 Williams v. State,
 
 982 So.2d 1190, 1194 (Fla. 4th DCA 2008). Then-admission also did not violate appellant’s right of confrontation, as they were not testimonial statements under
 
 Crawford v. Washington,
 
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
 

 GROSS, C.J., and DAMOORGIAN, J., concur.