21 So.3d 30 (2009)
Hernando GARCIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1326.
District Court of Appeal of Florida, Third District.
July 1, 2009.
Rehearing and Rehearing En Banc Denied December 2, 2009.
Carlos A. Martinez, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Erin Kinney, Assistant Attorney General, for appellee.
Before COPE, GERSTEN, and CORTIÑAS, JJ.

ON MOTION FOR REHEARING
GERSTEN, J.
On consideration of the State's motion for rehearing, rehearing en banc, certified conflict, and/or certified question, the Court grants the motion for rehearing, *31 withdraws its previous opinion, and substitutes the following opinion:
Hernando Garcia ("the defendant") appeals an order denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.
The State charged the defendant and a codefendant with armed robbery. The State contended that the defendant drove the codefendant to a residence where a group of people were standing outside. The codefendant got out of the car and proceeded to beat up and rob the victim. In exchange for cooperating in his codefendant's case, the State offered the defendant a plea bargain of five years in prison followed by five years probation.
Defense counsel believed that the State's case against the defendant was weak. Therefore, he advised the defendant to reject the plea. The defendant's case went to trial where defense counsel relied on misidentification and/or that the codefendant acted independently as defenses. The jury returned a guilty verdict, and the trial judge sentenced the defendant to life in prison.
Thereafter, the defendant filed this Rule 3.850 motion for postconviction relief. The defendant alleged ineffective assistance of counsel on various grounds, only two of which warrant discussion. In ground two, the defendant described counsel's alleged ineffectiveness as follows:
Counsel advised the Defendant that he should not take the plea, because state did not have a case and the case would not go to the jury. On the 1st day of trial, counsel told the Defendant's [niece, mother, and girlfriend] that he would have the Defendant home tonight. . . .
Counsel told the Defendant not to take the deal, because he had never lost a case in Peter Lopez's Courtroom. "I am three and one, the one lost is for a guy who took a deal." Had counsel not told the Defendant he could beat this prosecutor and that he had beat him so many times before, the defendant would have taken the deal offered by the State, instead of going to trial.
Additionally, the defendant claimed in ground three that counsel was ineffective in advising him not to testify. According to the defendant, his counsel told him that:
[The jury] will know that you have been in trouble before. This is not going to look good, because we are trying to make them understand you were not part of this crime. We want them to realize that you were just in the wrong place at the wrong time and that you did not know what was going to happen.
The trial court denied the Rule 3.850 motion, and the defendant appealed.
We agree with the trial court that the defendant's motion was insufficient to allege a claim of ineffective assistance of counsel. Turning first to ground two, the Florida Supreme Court recently clarified the correct standard for reviewing a claim of ineffective assistance of counsel based on counsel's advice to reject a plea offer. Morgan v. State, 991 So.2d 835 (Fla.2008).
The Morgan court concluded that a claim of ineffective assistance of counsel can be based on advice from counsel to reject a plea offer. However, the Supreme Court determined that Morgan's claim was insufficient because the defendant did not specify the deficiency or deficiencies which made his counsel's advice to reject the plea unreasonable under the circumstances. The court stated:
Morgan does not contend that his counsel failed to communicate a plea offer or misinformed him concerning the penalties. Morgan has failed to allege any deficient performance on the part of counsel. The mere fact that Morgan did *32 not prevail at trial does not translate into misadvice. Some specific deficiency on the part of counsel must be alleged. There is no allegation that counsel's assessment of the chances of success at trial was unreasonable under the facts and circumstances of this case or that counsel had not investigated or otherwise was not familiar with the case. Therefore, Morgan is not entitled to an evidentiary hearing because his claim is legally insufficient.
991 So.2d at 841.
Morgan did not change the standard for determining whether an evidentiary hearing is required. "[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motions, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." 991 So.2d at 840-41 (quoting Hannon v. State, 941 So.2d 1109, 1138 (Fla.2006)).
Thus, where, as here, the defendant argues that counsel's advice to reject the plea was wrong simply because he was found guilty, the trial court may summarily dismiss the defendant's motion. In such circumstances, the motion, on its face, is legally insufficient.[1]
Here, the record is clear that there was no specific deficiency in counsel's performance which made his advice to take a plea unreasonable. Neither the defendant's motion nor his witnesses' affidavits state that counsel failed to fully explain the terms of the plea or the penalties defendant faced. There is also no suggestion that counsel advised the defendant to reject the plea without first preparing and knowing the facts and issues in the case. On the contrary, the record is clear that defense counsel's advice to reject the plea was based on his quite reasonable belief that the State's case was weak, and that the best strategy was to argue misidentification and/or that the codefendant acted independently.
Turning next to ground three of the defendant's motion, the record shows that the decision not to testify was a mutually agreed-upon trial strategy directly related to the independent action defense. Cross-examination of the defendant's criminal past would have been limited to the number of the defendant's prior convictions. See Johnson v. State, 923 So.2d 541 (Fla. 3d DCA 2006). However, even this limited information would have tarnished defense counsel's portrayal of the defendant as an unsuspecting driver unwillingly drawn into his passenger's criminal conduct. Thus, defense counsel's strategic decision to advise the defendant not to testify was not unreasonable.
Further, the record is clear that the defendant was aware that he was the final decision-maker on whether to testify. The following exchange occurred when the trial court questioned the defendant on his decision:
THE COURT: You have the absolute right not to become a witness, you understand?
THE DEFENDANT: Yes.
. . . .
THE COURT: You had an opportunity to discuss this issue with your attorney?
THE DEFENDANT: Yes.
THE COURT: Are you satisfied with his advice and counsel on this issue?

*33 THE DEFENDANT: Yes.
THE COURT: Regardless of his advice it's your decision and your decision alone not to testify, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: After all, it is your case, is that correct?
THE DEFENDANT: Yes, sir.
(Emphasis added.) This exchange demonstrates that defendant was satisfied with his defense counsel's strategy. A trial counsel's reasonable strategic decisions should not be second-guessed, particularly when the client agrees to the strategy. See Jones v. State, 845 So.2d 55, 65 (Fla. 2003).
In conclusion, counsel's advice to reject the plea here was based on a reasonable impression of the State's case, and the defendant did not allege any specific deficiency in counsel's performance. Additionally, counsel's advice not to testify was an agreed-upon trial strategy, which should not be second-guessed. Therefore, the trial court properly denied the defendant's Rule 3.850 motion as legally insufficient.
Accordingly, the order denying the motion is affirmed.
Affirmed.
COPE, J. (concurring in part, dissenting in part).
We should reverse on ground three. I concur that, in light of Morgan v. State, 991 So.2d 835 (Fla.2008), ground two is legally insufficient, and concur in affirming on the remaining issues.
This is an appeal of an order summarily denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Defendant-appellant Hernando Garcia was charged with one count of armed robbery. He was alleged to be the driver of a car from which the passenger jumped and robbed the victim of a gold chain. The defendant was convicted and sentenced to life imprisonment.
Prior to trial, the State offered the defendant a plea agreement of five years as a habitual offender followed by five years of probation if he would give a statement and testify against the codefendant. In ground two of the sworn motion, the defendant alleges that his counsel told him he should turn down the plea offer because the defense was going to win the case. Attached to the sworn motion are affidavits from three of the defendant's relatives who say that they were present at these discussions with the defense lawyer and that this is what the defense lawyer said.
The defendant alleges that his trial counsel was ineffective for advising him to reject the plea offer. The trial transcript shows that just prior to trial, the trial court inquired about whether a plea offer had been conveyed. The court confirmed that the defendant understood he was exposed to receiving a mandatory life sentence, if convicted. The State construed the defendant's Rule 3.850 motion as claiming that counsel failed to communicate the plea offer to the defendant. The State argued that since the defendant was aware of the plea offer and the maximum sentence, it follows that there can be no claim of ineffective assistance of trial counsel in advising the defendant to reject the plea. The trial court denied the Rule 3.850 motion, and the defendant has appealed.
The Florida Supreme Court has recently held that "a claim of ineffective assistance of counsel can be based on counsel's advice to reject a favorable plea offer." Morgan v. State, 991 So.2d 835, 841 (Fla.2008).[2] *34 The court had previously announced a test to be applied where counsel had failed to inform a defendant of a plea offer. Cottle v. State, 733 So.2d 963, 967 (Fla.1999). The pleading requirement where counsel has failed to convey a plea offer is as follows:
The defendant must allege and prove that (1) counsel failed to convey a plea offer or misinformed the defendant concerning the possible sentence he faced, (2) the defendant would have accepted the plea but for counsel's failures, and (3) acceptance of the plea would have resulted in a lesser sentence than was ultimately imposed.
Morgan, 991 So.2d at 839-40 (citing Cottle, 733 So.2d at 967).
The Morgan court held that the Cottle three-part test will also apply to cases where the defendant alleges "ineffective assistance of counsel for advising a defendant to reject a plea offer." Morgan, 991 So.2d at 839. This means that in element (1), instead of alleging that counsel failed to convey a plea offer, the defendant must allege that counsel rendered ineffective assistance in advising the defendant to reject the plea offer. The usual test for ineffective assistance of counsel, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is applicable.
Important for present purposes, the Court made clear that the defendant's motion must allege a specific deficiency or deficiencies on the part of counsel in giving the advice to reject the plea. The Court's discussion of Morgan's claim illustrates the point. The Court said:
On this issue we find Morgan has not submitted a facially sufficient claim of ineffective assistance based on counsel's advice to reject a plea offer. In his motion for postconviction relief, Morgan alleged that counsel informed him of a plea offer from the State. He further alleged that counsel advised him that she felt she could win at trial or get a reduced offense. Counsel urged him to reject the plea offer, and he did. Lastly, Morgan alleged that he received a greater sentence after trial, and that he would have accepted the plea had he known that counsel would not win. Morgan does not contend that his counsel failed to communicate a plea offer or misinformed him concerning the penalties. Morgan has failed to allege any deficient performance on the part of counsel. The mere fact that Morgan did not prevail at trial does not translate into misadvice. Some specific deficiency on the part of counsel must be alleged. There is no allegation that counsel's assessment of the chances of success at trial was unreasonable under the facts and circumstances of this case or that counsel had not investigated or otherwise was not familiar with the case. Therefore, Morgan is not entitled to an evidentiary hearing because his claim is legally insufficient. See Hannon, 941 So.2d at 1138. The trial court properly summarily denied postconviction relief. While we find affirmance of the trial court's denial was correct, we do not agree with the Fourth District's implicit reasoning that this type of claim cannot be the basis for ineffective assistance of counsel.
Morgan, 991 So.2d at 841 (emphasis added).
The same logic applies here. The defendant has not addressed the evidence in this case with any specificity, nor has the defendant *35 addressed why "counsel's assessment of the chances of success at trial was unreasonable under the facts and circumstances of this case. . . ." Id. In ground two the defendant does not allege that "counsel had not investigated or otherwise was not familiar with the case." Id.[3] I therefore concur in affirming the denial of relief. Because the Morgan Court has just clarified the legal standard, it would be my view that after this appeal becomes final, the defendant should be allowed to file an amended Rule 3.850 motion to comply with Morgan, if he has a good-faith basis to do so. See Spera v. State, 971 So.2d 754 (Fla.2007).
We should reverse for a hearing on ground three. The defendant alleges that counsel misadvised him that if he testified at trial, the jury would hear the exact crimes that the defendant had previously been convicted of and would also hear the fact that the defendant had recently been released from prison. The majority opinion omits the key portion of the defendant's claim.
The relevant part of ground three states:
[Counsel] told him that his priors would be useable on the stand. He stated, "that if you take the stand the state is going to come at you, asking you questions such as have you ever been to prison before and why? How long has it been since you have been to prison and what did you do to go to prison? Then the jury is going to know what you have been to prison for and they will know that you have been in trouble before. This is not going to look good. . . ."
Mot. at 9.
The defendant went on to allege that the charged crime was the independent act of the passenger in his car, Arnold Cleveland. Cleveland has submitted an affidavit so stating.[4] The defendant says that he is innocent of the charge and would have so testified at trial. Mem. at 8. He states that he decided not to testify based on the affirmative misadvice of counsel that if he testified, the details of his prior record would be placed before the jury.
If in fact counsel gave such advice to the defendant, the advice was incorrect. Bell v. State, 901 So.2d 180 (Fla. 3d DCA 2005); Hicks v. State, 666 So.2d 1021, 1022-23 (Fla. 4th DCA 1996); Charles W. Ehrhardt, Florida Evidence § 610.6 (2009). To impeach a testifying defendant by prior convictions, the State may inquire about the numberbut not the natureof the prior convictions.[5]
In Jacobs v. State, 880 So.2d 548 (Fla. 2004), the defendant alleged that his counsel was ineffective for, inter alia, misadvising *36 the defendant that if he testified, the details of his prior record could be placed before the jury. Id. at 554. The Florida Supreme Court concluded that an evidentiary hearing was called for. Id.
In Bell, the defendant's sworn motion asserted:
affirmative misadvice of trial counsel that if he testified in his own defense, the prosecution would be able to place before the jury the exact nature of the offenses of which he had previously been convicted. As a general proposition, such advice (if given) would have been incorrect under the Evidence Code.
901 So.2d at 180 (citations omitted). We remanded for an evidentiary hearing. See also Tyler v. State, 793 So.2d 137, 141 (Fla. 2d DCA 2001) (remanding for an evidentiary hearing where defendant alleged that trial counsel misinformed him that the jury would hear specific nature of prior convictions as impeachment, and did not testify); accord Everhart v. State, 773 So.2d 78, 79-80 (Fla. 2d DCA 2000). We should remand for an evidentiary hearing on ground three.
In ground one, the defendant alleges ineffective assistance of counsel for failure to investigate, depose and/or subpoena critical witnesses for the defense. The defendant contends that Arnold Cleveland would have given a statement that the crime was the sole act of Cleveland, of which the defendant was innocent. As previously stated, the defendant filed Cleveland's affidavit.[6]
The State's trial court response properly points out that the case against Cleveland was pending at the same time as the case against the defendant. The affidavit nowhere gives any indication that Cleveland would have waived his Fifth Amendment privilege in his then-pending case. Therefore the affidavit does not support the claim that the defendant's trial counsel was ineffective at the time of the original trial for failing to depose, or obtain a statement from, codefendant Cleveland.[7]
In conclusion, we should remand for an evidentiary hearing on ground three. On ground two, the defendant should be granted leave to amend.
NOTES
[1] Sometimes the defendant is just unhappy with the result of his decision not to plead. In my years as a trial judge, I saw many "lock winner" cases lose and many "lock loser" cases win. This pragmatic observation only proves that going to trial is always a gamble. On the other hand, taking a plea is a sure bet.
[2] The Court approved this court's decisions in Sharpe v. State, 861 So.2d 483 (Fla. 3d DCA 2003), and Gomez v. State, 832 So.2d 793 (Fla. 3d DCA 2002), to the extent they were consistent with Morgan. 991 So.2d at 841.
[3] The defendant made a claim in ground one that trial counsel had failed to investigate, depose, and subpoena critical witnesses for the defense. The defendant argues that had counsel done so, the result of the trial would have been different. The defendant did not make a failure-to-investigate claim in connection with ground two, the advice to reject the plea.
[4] See infra note 5.
[5] According to Professor Ehrhardt, the permissible questions on cross-examination are:

Q. "Have you ever been convicted of a felony?"
A. "Yes."
Q. "How many times?" or counsel may ask, if applicable,
Q. "Have you ever been convicted of a crime involving dishonesty or false statement?"
A. "Yes."
Q. "How many times?"
Charles W. Ehrhardt, Florida Evidence § 610.6, at 590 (2009). "If the witness answers the questions correctly, the questioning must cease." Id.
[6] The affidavit stated:

On about August-2-1998 I asked Hernando Garcia to give me a ride to Julio Lopez['s] house located at 328 SW 17 Ave. After Hernando Garcia drove me to Julio Lopez['s] house, I got out of the car and walked up to Julio Lopez and grabbed the gold chain off his neck pulled it; afterwards I ran to the car and told Hernando Garcia to drive off.
When this incedent [sic] was reported to the police Hernando Garcia was arrested and charge [sic] with committing the offence againts [sic] Julio Lopez. I do hereby swear that Hernando Garcia was not awere [sic] of the nature or intent of my visit to Julio Lopez residence, he did not participate in any actions that were taken against Julio Lopez.
I Arnold Cleveland was responsable [sic] for the offense that "Hernando Garcia" was sentence and convicted of, "Hernando Garcia" did not aide [sic] or otherwise commit the offense against Julio Lopez, and should not be charged, based on the above known facts.
I'm competent and willing to testify in a court of law if needed so in behalf of "Hernando Garcia".
[7] There are cases holding that a later-obtained affidavit of this type may qualify as newly discovered evidence "based on newly available testimony of defendants who were previously unwilling to testify." Totta v. State, 740 So.2d 57, 58 (Fla. 4th DCA 1999); Brantley v. State, 912 So.2d 342, 343 (Fla. 3d DCA 2005). However, the defendant has not made a claim for relief on the basis of newly discovered evidence, but has submitted the affidavit in support of his other claims.