PER CURIAM.
Oscar Parks seeks review of an order that summarily denied his multi-issue Florida Rule of Criminal Procedure 3.850 motion. We reverse and remand for further review of two related points and affirm the denial of the remaining claims.
Parks was charged with burglary, dealing in stolen property, and false verification of ownership. The jury found him not guilty of the burglary, but guilty of the other offenses. To convict Parks of dealing in stolen property one of the elements that the State had to prove was that Parks knew or should have known that the items were stolen. See § 812.019, Fla. Stat. (2003). Section 812.022(2), Florida Statutes (2003), provides that “[p]roof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.” Ward v. State, 40 So.3d 854, 856 (Fla. 4th DCA 2010).
With that background we consider Parks’s claims. Parks alleges that counsel misadvised him regarding his right to testify. Parks claims that counsel told him that if he testified, he would lose the “sandwich,” and the State would be allowed to reveal to the jury the exact nature of his prior convictions. Parks also claims that counsel failed to advise him about the “presumption” of section 812.022(2), and therefore his testimony explaining his possession of the stolen items was even more critical.
Parks alleges that he would have testified about how he received the property. Specifically, he was awakened by his house guest Lowry Kerry, and was given several pieces of jewelry. Kerry was living with Parks following Kerry’s breakup with his fiancée. Kerry intimated that he had purchased the items before his breakup, and gave them to Parks as contribution to the living expenses given that he (Kerry) was unemployed.
These points warrant further review. Oisorio v. State, 676 So.2d 1363, 1364-65 (Fla.1996); Ferrer v. State, 2 So.3d 1111, 1112 (Fla. 4th DCA 2009). Regarding the substance of Parks’s testimony, it is significant that no other evidence was offered to rebut the statutory presumption and that the jury acquitted Parks of the burglary.
We reverse for the trial court to conduct an evidentiary hearing on the issues surrounding counsel’s “misadvice” regarding Parks’s right to testify coupled with the claim that counsel failed to advise of the statutory presumption. We affirm as to the other grounds raised.
GROSS, C.J., POLEN and GERBER, JJ., concur.