PER CURIAM.
Douglas Jerkins seeks review of an order that summarily denied his multi-issue Florida Rule of Criminal Procedure 3.850 motion. We affirm in part and reverse and remand for further review of one claim. As to that claim, Jerkins alleges that he was deprived of his right to testify because of his attorney’s misadvice that the state could impeach him with the facts and nature of his prior convictions. See Ferrer v. State, 2 So.3d 1111, 1112 (Fla. 4th DCA 2009); Hope v. State, 960 So.2d 912, 913 (Fla. 4th DCA 2007); Tyler v. State, 793 So.2d 137, 141 (Fla. 2d DCA 2001). We conclude that Jerkins’ motion is legally sufficient to state a claim on this ground on both the deficient performance and prejudice prongs of the Strickland test. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Oisorio v. State, 676 So.2d 1363 (Fla.1996). We reverse for the trial court to conduct an evidentiary hearing on the issue or attach portions of the record conclusively refuting this claim.

Affirmed in part, Reversed in part, and Remanded.

TAYLOR, LEVINE, CONNER, JJ., concur.