# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

———————————————————

TYREE JENKINS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D23-1237

———————————————————

February 2, 2024

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Pasco County; Gregory G. Groger, Judge.

Tyree Jenkins, pro se.

Ashley Moody, Attorney General, Tallahassee, and James A. Hellickson, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

Tyree Jenkins appeals the order summarily denying his motion and amended motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, which raised twelve grounds for relief. Because ground nine raised a facially sufficient claim of ineffective assistance of counsel and is not conclusively refuted by the record, we reverse the denial of that ground and remand for further proceedings. We affirm the denial of the remaining grounds for relief without additional comment.

The State charged Jenkins with two counts of murder in the first degree. A jury convicted Jenkins as charged, and the trial court sentenced him to life imprisonment. On appeal, this court per curiam affirmed his convictions and sentences. *Jenkins v. State*, 257 So. 3d 961 (Fla. 2d DCA 2018) (table decision). Jenkins timely filed the instant motion for postconviction relief, which he subsequently amended in part to cure pleading deficiencies. The postconviction court summarily denied Jenkins' claims.

To allege a facially sufficient claim of ineffective assistance of counsel, a defendant must plead sufficient facts to establish (1) that his counsel's performance was deficient and (2) that he was prejudiced by such deficiency. *Martin v. State*, 205 So. 3d 811, 812 (Fla. 2d DCA 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). To establish the deficiency prong, the defendant must show that counsel's "errors [were] so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Hodges v. State*, 885 So. 2d 338, 345 (Fla. 2004) (quoting *Strickland*, 466 U.S. at 687). To establish the prejudice prong, the defendant must "show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* (quoting *Strickland*, 466 U.S. at 694).

"When reviewing the summary denial of a motion for postconviction relief, this court applies de novo review and 'must accept the movant's factual allegations as true to the extent that they are not refuted by the record.' " *Martin*, 205 So. 3d at 812 (quoting *Jennings v. State*, 123 So. 3d 1101, 1121 (Fla. 2013)). "To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record." *McLin v. State*, 827 So. 2d

2

948, 954 (Fla. 2002) (quoting *Foster v. State*, 810 So. 2d 910, 914 (Fla. 2002)).

In ground nine of his postconviction motion, Jenkins alleged that counsel misadvised him regarding the use of prior convictions as impeachment and that he opted not to testify at trial because of that misadvice. Specifically, he alleged that counsel incorrectly told him that if he testified, the jury "would learn" the specific nature of his prior convictions, as opposed to correctly informing him that the jury would find out how many prior convictions Jenkins had but could only find out the nature of the offenses if he testified dishonestly about the quantity. He alleged that if he had testified, the jury would have acquitted him of the charges.

The postconviction court did not consider whether the information that counsel allegedly provided was in fact erroneous; instead, it analyzed Jenkins' claim as one simply alleging that counsel had been ineffective for advising him not to testify. In doing so, the postconviction court concluded that counsel had not rendered deficient performance because Jenkins had voluntarily agreed not to testify and counsel's advice not to testify was reasonable because the State would have used Jenkins' prior record to "disparage his character." *See Roberts v. State*, 307 So. 3d 808, 811 (Fla. 2d DCA 2018) (stating that when analyzing an allegation that counsel interfered with a defendant's right to testify, the court must first consider "whether the defendant voluntarily agreed with counsel not to testify in his own defense," but even "[i]f the answer to that question is yes, then the postconviction court must also consider whether counsel's advice to the defendant was deficient 'because no reasonable attorney would have discouraged' the defendant from testifying" (quoting *Lott v. State*, 931 So. 2d 807, 819 (Fla. 2006))). The postconviction court further found that Jenkins had not been prejudiced

3

by any alleged interference with his right to testify because his proposed testimony would have contradicted that of three witnesses who had testified consistently with each other and implicated Jenkins in the crimes.

To start, if counsel had advised Jenkins, as he alleged, that the jury would have automatically been told about the specific nature of his prior offenses, then that was deficient performance. *See Tyler v. State*, 793 So. 2d 137, 141 (Fla. 2d DCA 2001) ("Where counsel incorrectly informs a defendant regarding the use of prior convictions as impeachment, specifically, that upon testifying the jury will hear the specific nature of the prior convictions, and the defendant shows that because of the misinformation he did not testify, he has satisfied the deficient performance prong of an ineffective assistance of counsel claim." (citing *Everhart v. State*, 773 So. 2d 78, 79 (Fla. 2d DCA 2000))); *Everhart*, 773 So. 2d at 79 (stating that erroneously telling the defendant that "if he testified, the jury would automatically be told of the specific nature of his prior convictions . . . would constitute deficient performance by counsel").

With regard to prejudice, Jenkins alleged that his testimony would have changed the outcome of the trial because the State had offered no physical evidence linking him to the murders and its case instead had relied heavily on the testimonies of three witnesses. One of the witnesses had testified to seeing Jenkins leave in a car with the victims on the night of the murders, and the other two witnesses had both testified that Jenkins had confessed his involvement in the crimes. Jenkins alleged that he had wanted to tell the jury "his side of the story" and explain that he had never been present on the night of the murders and that the two witnesses had lied about his confessions. He alleged that he would have told the jury that he had not confessed to the two witnesses; rather, they

4

had known the facts of the case because one of them had looked through Jenkins' legal documents and the other had been a witness in Jenkins' codefendant's trial. Jenkins alleged that his testimony would have resulted in an acquittal.

As the postconviction court correctly noted, Jenkins' proposed testimony would have conflicted with that of the other three witnesses. However, that would have come down to a credibility determination for the jury, and although the jury may have chosen to disbelieve Jenkins, the record before us does not refute Jenkins' claim. *See Penton v. State*, 262 So. 3d 253, 258 (Fla. 2d DCA 2018) (holding that the record did not refute the defendant's allegation of prejudice even though the jury may not have believed him); *Tyler*, 793 So. 2d at 142 (concluding that the record did not refute the defendant's allegation of prejudice because he alleged that he would have testified that he was not involved in the crime, and his testimony would have refuted a witness's testimony that the defendant had confessed to the crime); *Everhart*, 773 So. 2d at 79 (concluding that the record did not refute the defendant's allegation of prejudice because his proposed testimony would have refuted a police officer's testimony and explained that the officer mischaracterized the defendant's statements, which would have turned the resolution of his defense into a "credibility determination"). Therefore, we reverse for the postconviction court to either attach records that conclusively refute Jenkins' claim in ground nine or to hold an evidentiary hearing.

Affirmed in part, reversed in part, and remanded.

SILBERMAN, LUCAS, and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

5